IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TROY H. BRADFORD AND GLORIA                                    PLAINTIFFS
BRADFORD, Individually and as Class
Representatives on Behalf of All
Similarly Situated Persons; and
BOOKS ETC., by and through TROY
AND GLORIA BRADFORD, Class
Representatives on Behalf of All Those
Similarly Situated;

VS.                                NO. 4:05-cv-4075  HFB

UNION PACIFIC RAILROAD COMPANY                                 DEFENDANTS
A Delaware Corporation, and J.L. Gordan,
an Arkansas Resident

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO
FILE SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiffs seek leave to file a Second Amended Class Action Complaint pursuant to Rule 15(a), Fed. R. Civ. P. This Motion should be granted both because Plaintiffs' Second Amended Complaint raises the same substantive allegations but alleges citizenship as opposed to residency, and because the alleged citizenship of the parties renders this Court without subject matter jurisdiction.

### I. PLAINTIFFS SHOULD BE ALLOWED TO AMEND THEIR COMPLAINT IN THE INTEREST OF JUSTICE

Plaintiffs seek leave of court, pursuant to Rule 15(a), Fed. R. Civ. P., to file a Second Amended Class Action Complaint (attached as Exhibit A to Plaintiffs' Motion). Plaintiffs previously filed two Complaints (attached to Document No. 1 and Document No. 2 herein) in the Circuit Court of Miller County, Arkansas. Both complaints were filed before Defendant Union Pacific Railroad Company (hereinafter "defendant Union Pacific") filed its first Notice of Removal.[1] Plaintiffs' First Amended Class Action Complaint alleged that Defendant James L.

---

[1] The initial Complaint was filed on October 19, 2005. The First Amended Complaint was filed on October 25, 2005. Defendant filed its first Notice of Removal on October 26, 2005. The Second Notice of Removal was filed on November 1, 2005.

Gordon (hereinafter "defendant Gordon" or "Mr. Gordon"), was a "resident" of Arkansas when it should have alleged that he is a "citizen" of Arkansas.

Rule 15(a) provides that a court shall give a party leave to amend a pleading "when justice so requires." The liberal amendment policy of Rule 15 mandates that Plaintiffs be allowed to amend their complaint under these circumstances. The Second Amended Class Action Complaint alleges that Mr. Gordon is a citizen of Arkansas, correcting the prior complaint's allegation that he was a resident of Arkansas.[2] In addition, the proposed complaint alleges that all of the class representative plaintiffs are citizens of Arkansas. Other than correcting these scrivener's errors, the Second Amended Class Action Complaint repeats exactly the same substantive allegations as the prior complaints.

The Eighth Circuit has previously decided an analogous case in which, like here, plaintiffs mistakenly alleged the "residency" of a party but not the party's citizenship. *See Sanders v. Clemco Industries, Inc.*, 823 F.2d 214 (8th Cir. 1987). In *Sanders*, plaintiff filed an action in federal court alleging diversity jurisdiction. However, the Eighth Circuit noted that "[t]he complaint as presently drafted states that Sanders is a resident of the State of Missouri, but fails to allege his state of citizenship." *Id.* at 823 F.2d 215. The complaint was also deficient as to the citizenship of the named defendant because it "omits to state the principal place of business of Clemco or Ingersoll, merely stating that each corporation does business in the State of Missouri and identifying each corporation's state of incorporation." *Id.*

In *Sanders*, the Eighth Circuit overturned the district court's dismissal of the complaint. Specifically, the Eighth Circuit held "that the district court's refusal to permit amendment of the complaint to correct these defects was not in keeping with the liberal amendment policy of Fed. R. Civ. P. 15(a) and constituted abuse of discretion." *Id.* at 216-17. The Eighth Circuit rejected defendant's arguments that permitting amendment would result in unfair prejudice, noting that "[t]he amendment Sanders seeks would not alter the claims originally asserted in any way, thus no additional burden of defense would fall on [the defendants]." *Id.* at 217. Therefore, the Court held that the district court's refusal to permit amendment was reversible error. *Id.*

---

[2] Defendant's last name is actually "Gordon" and not "Gordan". The Second Amended Class Action Complaint reflects the correct spelling.

*Brief in Support of Plaintiffs' Motion for Leave to*                                                       *Page 2*
*File Second Amended Class Action Complaint*

If anything, Plaintiffs in this case have a stronger basis for seeking leave to amend than the plaintiff in *Sanders*. In *Sanders*, plaintiffs engaged in what was arguably excessive delay before amending their complaint. *See id.* at 217 (noting that the initial complaint was filed one day before the applicable statute of limitations and was refiled nearly a year later). This is not so in this case, in which Plaintiffs have promptly moved to amend. Applying *Sanders*, the Court should grant Plaintiffs leave to amend in this case.

## II. PLAINTIFFS MUST BE ALLOWED TO AMEND BECAUSE THEIR ALLEGATIONS OF CITIZENSHIP INDICATE THAT THIS COURT IS WITHOUT FEDERAL SUBJECT MATTER JURISDICTION

Admittedly, in some cases district courts must consider whether granting leave to amend will *destroy* federal subject matter jurisdiction. In this case, however, Plaintiffs allegations of citizenship mean that federal diversity jurisdiction *never* existed at any point. This case is thus distinguishable from a case in which a plaintiff adds a party with the sole intent of destroying diversity jurisdiction following removal to federal court.[3] Plaintiffs allege that there is not federal subject matter jurisdiction over the existing parties.

*Even if* this was a case in which the amended complaint destroyed federal subject matter jurisdiction (as opposed to indicating that it never existed), then Plaintiffs should still be granted leave to amend. As stated by the Eighth Circuit, in such cases relevant factors for consideration include "whether the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has delayed in requesting amendment, whether the plaintiff will be significantly injured if amendment is refused, and any other factors bearing on the equities." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2005). Plaintiffs meet this standard because they have a legitimate basis upon which to allege the citizenship of parties to this dispute, and have promptly moved to correct a prior deficiency. Plaintiffs' allegations are not done with the intent of destroying federal subject matter jurisdiction because there never has been federal diversity

---

[3] The defense of fraudulent joinder simply does not apply to this case. A named defendant will not be found to be fraudulently joined "if there is a 'colorable' cause of action–that is, if state law *might* impose liability under the facts alleged." *Filla v. Norfolk & Southern Ry.*, 336 F.3d 806, 810 (8th Cir. 2003). Union Pacific cannot plausibly assert that Plaintiffs do not have a colorful claim under Arkansas law (in the Complaint that Plaintiffs filed in Arkansas state court prior to removal) that Defendant Gordon was negligent.

jurisdiction over the named parties to this litigation.

Plaintiffs do not amend their Complaint in any substantive manner except to change allegations that named persons are "residents" to allege that such persons are "citizens". Plaintiffs respectfully request that they be granted leave to file a Second Amended Class Action Complaint.

Respectfully Submitted,

**DUNN, NUTTER & MORGAN, L.L.P.**
Suite 6, State Line Plaza, Box 8030
Texarkana, Arkansas 71854-5945
Telephone: 870-773-5651
Telecopier: 870-772-2037
Email: rgnutter@dnmlawfirm.com

By: *R. Gary Nutter* (signature)
R. Gary Nutter
Arkansas Bar No. 71058

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, R. Gary Nutter, attorney for Plaintiffs, hereby certify that on the 14th day of November, 2005, I electronically filed the foregoing Brief in Support of Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following attorneys:

**Attorneys for Defendants:**
George L. McWilliams
Sean F. Rommel
Patton Roberts McWilliams & Capshaw
Century Plaza, Suite 400
2900 St. Michael Drive
Texarkana, TX 75503

_____
**R. Gary Nutter**