IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TROY H. BRADFORD AND GLORIA                                             PLAINTIFFS
BRADFORD, Individually and as Class
Representatives on Behalf of All
Similarly Situated Persons; and
BOOKS ETC., by and through TROY
AND GLORIA BRADFORD, Class
Representatives on Behalf of All Those
Similarly Situated;

VS.                              NO. 4:05-cv-4075  HFB

UNION PACIFIC RAILROAD COMPANY                                          DEFENDANTS
A Delaware Corporation, and J.L. Gordan,
an Arkansas Resident

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
## TO REMAND TO MILLER COUNTY, ARKANSAS

Plaintiffs, by and through undersigned counsel, hereby submit the following brief in support of their Motion to Remand to Miller County, Arkansas. Plaintiffs have anticipated that their Motion for Leave to File Second Amended Class Action Complaint will be granted for purposes of this Brief. There is not federal diversity jurisdiction over the Second Amended Class Action Complaint, meaning that this case must be remanded.

### I. IF AN AMENDED COMPLAINT LEAVES THE COURT WITHOUT SUBJECT MATTER JURISDICTION, THEN REMANDING TO STATE COURT IS PROPER

If a court grants leave to file an amended complaint that has the effect of leaving the court without federal subject matter jurisdiction after removal, it should remand the case back to state court. *See, e.g., St. Louis Trade Diverters, Inc. v. Constitution State Ins. Co.*, 738 F. Supp. 1269

(E.D. Mo. 1990) (granting leave to amend and simultaneously remanding to state court). Thus, should this Court find that there is not federal subject matter jurisdiction over the Second Amended Class Action Complaint, it must remand the case to Miller County, Arkansas.

## II. THERE IS NOT FEDERAL SUBJECT MATTER JURISDICTION OVER THE SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1332

Defendant Union Pacific cites to 28 U.S.C. § 1332(d)(2)(A) (part of the Class Action Fairness Act, or "CAFA") as the basis for federal subject matter jurisdiction over this lawsuit. However, 28 U.S.C. § 1332(d)(4)(A) applies to this case and defeats federal diversity jurisdiction over the Second Amended Class Action Complaint.[1] The language of this section of CAFA is unambiguous. If section 4(A) applies, then "[a] district court *shall* decline to exercise jurisdiction." (Emphasis added).

Upon information and belief, well over two-thirds of Plaintiffs are citizens of Arkansas.[2] The class action consists of over one thousand individuals, all of whom were injured in Arkansas.

---

[1] 28 U.S.C. § 1332(d)(4)(A) provides:
(4) A district court shall decline to exercise jurisdiction under paragraph (2)--
A) (i) over a class action in which--
I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
II) at least 1 defendant is a defendant--
(aa) from whom significant relief is sought by members of the plaintiff class;
(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
(cc) who is a citizen of the State in which the action was originally filed; and
III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons...

[2] To the extent that there is any doubt on this issue, Defendant concedes the point in its Second Notice of Removal in paragraph 3, which states: "At the time of the filing of the Complaint the Plaintiffs were citizens of the State of Arkansas."

The putative class therefore comes within the confines of 28 U.S.C. § 1332(d)(4)(A)(i)(I) because at least two-thirds of the putative class are citizens of the state in which this action was originally filed.

28 U.S.C. § 1332(d)(4)(A)(i)(II) also applies to this case. More specifically, Defendant Gordon meets the criteria set forth in sections (aa)-(cc). Section (aa) is met because Plaintiffs seek "significant relief" from Mr. Gordon. As alleged in the Complaint, Mr. Gordon was the conductor of Defendant Union Pacific's train. Plaintiffs allege that he fell asleep while he was operating the train, causing the collision giving rise to this lawsuit. This collision, in turn, caused a massive explosion, fire, and chemical release in Plaintiffs' neighborhood. Plaintiffs allege that Mr. Gordon was negligent by failing to operate the train in a reasonable manner and seek significant compensation. Section (bb) also applies. Defendant Gordon bears significant responsibility for setting this chain of events into motion through his negligent operation of the train. He is, therefore, a defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" as section (bb) requires. In fact, Mr. Gordon is a root cause of the injuries that Plaintiffs have suffered. Section (cc) applies because, under the federal Complaint, Plaintiffs allege that Mr. Gordon is a citizen of Arkansas. Therefore, Defendant Gordon "is a citizen of the State in which the action was originally filed".

The Second Amended Class Action Complaint alleges that plaintiffs incurred injuries in Texarkana, Arkansas. (See Exhibit A to Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint, p.5, section 10). Therefore, the Complaint also satisfies the requirement of 28 U.S.C. § 1332(d)(4)(A)(i)(III) that "principal injuries...were incurred in the State in which the action was originally filed".

Finally, the Amended Complaint does not run afoul of the requirement of 28 U.S.C. § 1332(d)(4)(A)(ii) that "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons". Plaintiffs' complaint does not duplicate "the same or similar factual allegations" of any prior lawsuit.

In sum, this Court lacks federal diversity jurisdiction over the Complaint. If the Court grants Plaintiffs leave to amend their Complaint, then it must simultaneously remand this matter to the Circuit Court of Miller County, Arkansas.

Respectfully Submitted,

**DUNN, NUTTER & MORGAN, L.L.P.**
Suite 6, State Line Plaza, Box 8030
Texarkana, Arkansas 71854-5945
Telephone: 870-773-5651
Telecopier: 870-772-2037
Email: rgnutter@dnmlawfirm.com

By: /s/ R. Gary Nutter
R. Gary Nutter
Arkansas Bar No. 71058

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, R. Gary Nutter, attorney for Plaintiffs, hereby certify that on the 14th day of November, 2005, I electronically filed the foregoing Brief in Support of Plaintiffs' Motion to Remand to Miller County, Arkansas with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following attorneys:

**Attorneys for Defendants:**
George L. McWilliams
Sean F. Rommel
Patton Roberts McWilliams & Capshaw
Century Plaza, Suite 400
2900 St. Michael Drive
Texarkana, TX  75503


_____
R. Gary Nutter