IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| TROY H. BRADFORD AND GLORIA BRADFORD, Individually and as Class Representatives on Behalf of All Similarly Situated Persons; and BOOKS ETC., by and through TROY AND GLORIA BRADFORD, Class Representatives on Behalf of All Those Similarly Situated; | PLAINTIFFS |
| VS.   NO 05-4075 HFB | |
| UNION PACIFIC RAILROAD COMPANY A Delaware Corporation, and J.L. Gordan, an Arkansas Resident | DEFENDANTS |

### PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs, by and through undersigned counsel, hereby file their Reply to Defendants' Response to Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint. Defendants apparently contend that Plaintiffs should not be allowed to amend the class definition in their complaint, pursuant to Rule 15, Fed. R. Civ. P., so as to clarify that all putative class members are citizens of Arkansas. Contrary to Defendants' Response, Plaintiffs do not do so as an illegitimate attempt to meet the two-thirds citizenship requirement in 28 U.S.C. § 1332(d)(4), the "local controversy exception" in the Class Action Fairness Act of 2005 (CAFA). Rather, Plaintiffs merely clarify the existing class definition.

Defendants incorrectly argue that leave to amend may not be granted because "Plaintiffs actually re-defined their class definition in the proposed Second Amended Complaint..." by stating that the class consists entirely of "citizens of Arkansas". (Defendants' Motion, pp. 2-3). Contrary to Defendants' argument, Plaintiffs' proposed Second Amended Complaint does not mark a redefinition of the class offered by Plaintiffs in the first two Complaints. Plaintiffs' class definition with respect to the geographic boundaries of the putative class never changed from the original complaint to the proposed second amended complaint. Plaintiffs have always believed that

the vast majority of injured persons in this matter–well over two-thirds for purposes of –are citizens of Arkansas.[1] In the proposed Second Amended Complaint, Plaintiffs expressly state what the initial complaint already contained: namely, that all members of the putative class within the Arkansas boundaries are citizens of Arkansas.

Under the liberal pleading policy of Rule 15, Plaintiffs should be allowed to clarify that their class is composed of Arkansas citizens. *See, e.g., Ross v. Warner*, 80 F.R.D. 88 (S.D.N.Y. 1978) (granting leave to amend class definition even though class was reduced in size). Notably, Defendants do not put forth any argument as to why Plaintiffs may not allege the citizenship of the named parties to this litigation. Thus, it is only on the issue of the class definition that Defendants take issue with the proposed Complaint. Yet because it is virtually certain that over two-thirds of putative class members, *even under the first two Complaints*, are citizens of Arkansas, Defendants are incorrect in suggesting that Plaintiffs' complaint is an end-run around CAFA jurisdiction.

Plaintiffs respectfully request that leave to amend be given in this case, and that Plaintiffs be allowed to file their proposed Second Amended Complaint.

Respectfully Submitted,

M. David Karnas
**BELLOVIN & KARNAS, P.C.**
100 North Stone Avenue, Suite 1105
Tucson, AZ  85701
Telephone: 520-571-9700
Telecopier: 520-571-8556

---

[1] While CAFA sets forth exceptions to federal jurisdiction based on the percentage of citizenship of a putative class, it would be inconceivably burdensome to interpret CAFA so as to require a Plaintiffs' counsel to determine the citizenship of the thousands of individuals that could define a class in order to arrive at an exact numerator and denominator *at the outset* of litigation. Here, it should be enough that the injuries took place solely in Arkansas, and the Court should rightly conclude that it is more probable than not that over two-thirds of putative class members are citizens of Arkansas.

DUNN, NUTTER & MORGAN, L.L.P.
Suite 6, State Line Plaza, Box 8030
Texarkana, Arkansas 71854-5945
Telephone: 870-773-5651
Telecopier: 870-772-2037
Email: rgnutter@dnmlawfirm.com

By: /s/ R. Gary Nutter
R. Gary Nutter
ABA#71058

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I, R. Gary Nutter, one of the attorneys for Plaintiffs, hereby certify that on the 23rd day of December, 2005, I electronically filed the foregoing Plaintiffs' Reply to Defendants' Response to Motion for Leave to File Second Amended Class Action Complaint with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following attorneys:

**Attorneys for Defendants:**
George L. McWilliams
Sean F. Rommel
Patton Roberts McWilliams & Capshaw
Century Plaza, Suite 400
2900 St. Michael Drive
Texarkana, TX  75503

/s/ R. Gary Nutter
**R. Gary Nutter**