IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TROY H. BRADFORD AND GLORIA                                   PLAINTIFFS
BRADFORD, Individually and as Class
Representatives on Behalf of All
Similarly Situated Persons; and
BOOKS ETC., by and through TROY
AND GLORIA BRADFORD, Class
Representatives on Behalf of All Those
Similarly Situated;

VS.                                           NO. 05-4075 HFB

UNION PACIFIC RAILROAD COMPANY                             DEFENDANTS
A Delaware Corporation, and J.L. Gordan,
an Arkansas Resident

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE
TO MOTION TO REMAND TO MILLER COUNTY, ARKANSAS**

Plaintiffs, by and through undersigned counsel, hereby file their Reply to Defendants' Response to Plaintiffs' Motion to Remand to Miller County, Arkansas. Defendants' Response fails in three respects. First, Defendants mistakenly state that Plaintiffs have the burden of proof to show that the case should be remanded when it is Defendants that have the burden to sustain removal. Second, Defendants incorrectly argue that this Court cannot examine Plaintiffs' proposed Second Amended Complaint, even if it grants Plaintiffs leave to amend. Third, Defendants are wrong on their jurisdictional arguments. This Court does not have jurisdiction over the case under the Class Action Fairness Act of 2005 (CAFA) based on the "local controversy exception" set forth in 28 U.S.C. § 1332(d)(4)(A). This case should be remanded under this exception to Miller County, Arkansas.

I. **DEFENDANTS STILL BEAR THE BURDEN OF PROOF UNDER CAFA TO SUSTAIN REMOVAL**

Defendants have the burden of proof to sustain removal, contrary to repeated suggestions in their Response that the burden has shifted to Plaintiffs. (*See, e.g.,* Defendants' Response, p.4

(declaring that Plaintiffs have the burden of showing that the case was removed improvidently)). Of course, the party seeking removal traditionally has borne the burden of proof to sustain federal jurisdiction. *See, e.g., Yescavage v. Wyeth, Inc.*, No. 05-294, 2005 U.S. Dist. LEXIS 20392, at *5 (M.D. Fla. Aug. 30, 2005) (citing cases). Not only has this been the rule historically in removal cases, but *nothing* in the statute itself suggests that Congress passed CAFA with the intent of shifting the burden. Based on the presumption that Congress is aware of well-established case law, numerous courts have already held that CAFA does not shift the burden of proof when it is simply silent as to who has the burden. *See, e.g., Schwartz v. Comcast Corp.*, No. 05-2340, 2005 U.S. Dist. LEXIS 15396, at *14 (E.D. Pa. July 29, 2005) (declaring that the traditional "rule has not been altered by CAFA"); *Judy v. Pfizer, Inc.*, No. 05-1208, 2004 U.S. Dist. LEXIS, at *4 (E.D. Mo. 2004 Sep. 14, 2004) (in CAFA case, observing that "[Defendant's] argument turns this settled case law on its head"); *In re Expedia Hotel Taxes and Fees Litig.*, No. 05-0365, 2005 U.S. Dist. LEXIS 15372 (W.D. Wash. Apr. 15, 2005); *Sneddon v. Hotwire, Inc.*, No. 05-0952, 2005 U.S. Dist. LEXIS 13257 (N.D. Cal. Jun 29, 2005).

In *Judy v. Pfizer, supra*, a Missouri district court applied Eighth Circuit precedent to conclude that CAFA did not change the burden of proof under CAFA. First, the case acknowledged that a small number of courts have cited to a Senate Report to argue otherwise. *See Pfizer*, 2004 U.S. Dist. LEXIS at *4. Defendants cite to this same legislative history to support their position that the burden has shifted. *See* Defendants' Response, p.4. *Pfizer*, however, notes that "[a]t the time of the enactment of CAFA, Congress was presumed to be aware of well settled case law regarding the burden of proof in removed actions." *Id.* (citing *Contract Freighters, Inc. v. Secretary of U.S. Dept. of Transp.*, 260 F.3d 858, 861 (8th Cir. 2001) (Congress is presumed to know the status of the law in areas in which it legislates)). If Congress wished to alter the burden of proof, it would have specifically addressed this issue in the Act itself. *See id.* at 2004 U.S. Dist. LEXIS *5. *Pfizer*'s citation to *Neosho R-V School Dist. v. Clark*, 315 F.3d 1022 (8th Cir. 2003) is particularly apt. There, the Eighth Circuit held that "absent some ambiguity in the statute, we have no occasion to look to legislative history." *Id.* at 315 F.3d 1032. Here, there is not any ambiguity in CAFA regarding the burden of proof–it does not even speak to the issue. Because there is no ambiguity in CAFA's statutory language regarding the burden of proof, under Eighth Circuit

precedent this Court should not examine legislative history to interpret the statute. *See also Schwartz, supra*, 2005 U.S. Dist. LEXIS 15396 at *24-25 ("Had Congress intended to make a change in the law with respect to the burden of proof, it would have done so expressly.")

A statute that is silent on the burden of proof should not be held to have reversed decades of established case law on the basis of a Committee Report. Thus, as a matter of statutory interpretation, Defendants retain the burden of proving that removal was proper.

## II. DEFENDANTS INCORRECTLY STATE THAT THE CAFA EXAMINATION IS LIMITED TO THE ORIGINAL COMPLAINT

Defendants further argue that the determination as to whether CAFA grants this Court subject matter jurisdiction cannot go beyond the original complaint filed by Plaintiffs in Arkansas state court. (*See Defendants' Response,* p.6.) As shown below, Defendants base their arguments on legislative history that cites to a Supreme Court case that is no longer good law following the 1988 amendments to 28 U.S.C. § 1447(c). In its current form, 28 U.S.C. § 1447(c) states: "If *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (Emphasis added). CAFA cannot be read as an exception to section 1447(c).

First, Plaintiffs correctly argued in their initial filing that the historical rule has been that "[i]f a Court grants leave to file an amended complaint that has the effect of leaving the court without federal subject matter jurisdiction after removal, it should remand the case back to state court." (Plaintiff's Brief in Support of Plaintiffs' Motion to Remand, p.1). In the case cited by Plaintiffs in their Brief, for example, the District Court allowed Plaintiffs to amend their complaint even though it destroyed diversity jurisdiction and required that the case be remanded. *See St. Louis Trade Diverters, Inc. v. Constitution State Ins. Co.*, 738 F. Supp. 1269 (E.D. Mo. 1990).

Defendants interpret CAFA's legislative history to mean that if a court has jurisdiction over an action at the time a case is first removed, it can *never* lose such jurisdiction following the filing of an amended complaint, *even when* CAFA jurisdiction could not have been based on the Amended Complaint. Defendants argue that "[s]ubsequent amendments cannot divest this Court of its jurisdiction over the case." (Defendants' Response, p.7). Thus, Defendants argue that this Court

cannot examine Plaintiffs' proposed Second Amended Complaint in determining whether the case should be remanded, even if the Court allows Plaintiffs to file it.

Defendants' argument is without foundation because the legislative history of CAFA cannot be interpreted to override 28 U.S.C. § 1447(c). Defendants' argument rests entirely on the following sentence in CAFA's legislative history: "[o]nce a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot 'oust' the federal court of jurisdiction." (Defendants' Response, p.7 (citing S. Rep. 109-14, P.L. 109-2, The Class Action Fairness Act of 2005 Senate Report No. 109-14, p. 43, February 29, 2005)). In support of this rule, the legislative history cites to *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). However, numerous courts have held that the 1938 case of *St. Paul Mercury* was overturned fifty years later by statute following the 1988 amendment to 28 U.S.C. § 1447(c).

The lengthy recent examination of this issue by one District Court is directly on point:

> Before 1988, section 1447(c) read: "If at any time before final judgment it appears that the case *was removed improvidently* and without jurisdiction, the district court shall remand the case." [emphasis in original]. This language was interpreted to mean that the defendant's right of removal was fixed as of the date of the removal so that a post-removal amendment of the complaint would not deprive the district court of jurisdiction. *St. Paul Mercury*, 303 U.S. at 294. However, section 1447(c) was amended in 1988 by replacing the "[if]...the case was removed improvidently" with "if at any time...it appears that the district court lacks subject matter jurisdiction." *Thus Congress mandated that the district court remand the action if at any time before final judgment the basis for federal jurisdiction ceases to exist, irrespective of whether removal was proper at the time it was made.*

*Villano v. Kohl's Dept. Stores, Inc.*, 362 F. Supp. 2d 418, 420 (S.D.N.Y. 2005) (emphasis added). *Accord Goodman v. Wal-Mart Stores, Inc.*, 981 F. Supp. 1083 (M.D. Tenn. 1997); *Bailey v. Wal-Mart Stores, Inc.*, 981 F. Supp. 1415 (N.D. Ala. 1997).

In addition, Eighth Circuit precedent flatly contradicts Defendants' argument that amended complaints may not be examined insofar as they affect this Court's jurisdiction. For example, Defendants reference *James Neff Kramper Family Farm Partership v. IBT, Inc.*, 393 F.3d 828, 834 (8th Cir. 2005). In that case, however, the Eighth Circuit expressly recognized that a reviewing court must examine whether subject matter jurisdiction exists "based on information known to the

court *at the time* jurisdiction is challenged." *Id.* (emphasis added).[1] More to the point, the Eighth Circuit has specifically stated that "in cases where a plaintiff has filed an amended complaint, ***federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint.***" *Karnes v. Poplar Bluff Transfer Co.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (emphasis added).[2] In *Karnes*, the Eighth Circuit observed that it is "well-established that an amended complaint supercedes the original complaint and renders the original complaint ***without legal effect.***" *Id.* Thus, Eighth Circuit precedent stands in direct opposition to Defendants' argument that this Court may only examine the original Complaint.

In the unlikely event that the Court does not grant Plaintiffs leave to file their Second Amended Complaint, it must examine the First Amended Complaint. The First Amended Complaint was filed *before* both of Defendants' notices of removal, and Arkansas law allows a Plaintiff to amend a prior complaint "at any time without leave of court." *See* Rule 15, Ark. R. Civ. P. The Eighth Circuit has already ruled that an Amended Complaint filed the day before a removal notice is the proper focus of inquiry as to the issue of whether a case should be remanded. *See Anthony v. Runyon*, 76 F.3d 210, 213 (8th Cir. 1996).

CAFA does not reverse the well-established principle that the right of a party to remove a case should be determined taking into account all of the pleadings at the time of removal. *See, e.g., Palmquist v. Conseco Med. Ins. Co.*, 128 F. Supp. 2d 618, 621 (D. S.D. 2000) (stating that "[t]he right of removal is generally determined from the record and the status of the pleadings at the time the petition for removal is filed"); *see also Marquette Nat'l Bank v. First Nat'l Bank*, 422 F. Supp. 1346 (Minn. 1976), 439 U.S. 299 (1978).

---

1   The second case cited by Defendant is *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990). *Klepper* contains citations to old cases decided before the 1988 Amendment to section 1447(c), while repeating the old rule (overturned in section 1447(c) that "[j]urisdiction, once established, cannot be destroyed by a subsequent change in events." *Id.* at 916 F.2d 340. However, as at least three district courts have recognized, section 1447(c) means that this old rule, repeated with little substantive analysis in *Klepper*, is simply no longer the current state of the law.

2   As a matter of general practice, courts have already examined amended complaints in determining whether there is removal jurisdiction under CAFA. *See, e.g., Plummer v. Farmers Group, Inc.*, No. 05-242, 2005 U.S. Dist LEXIS 32340 (E.D. Ok. 2005); *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748 (7th Cir. 2005).

Thus, this Court should examine the Second Amended Complaint in ruling on Plaintiffs' Motion to Remand. However, even if the Court does not grant leave to Plaintiffs to file the Second Amended Complaint, this Court must examine the First Amended Complaint because it was part of the record at the time of removal.

### III. THE "LOCAL CONTROVERSY EXCEPTION" TO CAFA REQUIRES THAT THE CASE BE REMANDED

All of the elements required for remand under the "local controversy exception" to CAFA, 28 U.S.C. § 1332(d)(4)(A), are present in this case. Defendants incorrectly argue that Plaintiffs fail to meet the two-thirds exception and that Plaintiffs fail to seek "significant relief" from Defendant Gordon, properly alleged to be a citizen of Arkansas. As shown below, Defendants' arguments are unconvincing.

Defendants concede, for the purposes of whether the case should be remanded, "that the location of the accident in question and the alleged 'related conduct' occurred within the State of Arkansas." (Defendants' Response, p.10).[3] Thus, both parties agree that the facts of this case are within the reach of 28 U.S.C. § 1332(d)(4)(A)(i)(III). Nor do the parties dispute the applicability of 28 U.S.C. § 1332(d)(4)(A)(ii), as Defendants concede that they "are without knowledge of any proposed class action on behalf of these Plaintiffs against the Defendants within the last three years." (Defendants' Response, p.10). Defendants also appear to concede that Defendant Gordon's alleged conduct forms a "significant basis" for Plaintiffs' claims. Thus, Defendants concede that 28 U.S.C. § 1332(d)(4)(A)(i)(bb) is not at issue by their failure to raise the issue.

#### A. OVER TWO-THIRDS OF THE PUTATIVE CLASS ARE CITIZENS OF ARKANSAS

There is little doubt that over two-thirds of Plaintiffs are citizens of Arkansas. Plaintiffs

---

[3] Furthermore, the legislative history notes that "a class action in which local residents seek compensation for property damage resulting from a chemical leak at a manufacturing plant in that community would fit [the criterion that principal injuries occur in the state in which the suit was filed]." S. Rep. 109-15 P.L. 109-2, The Class Action Fairness Act of 2005 Senate Report No. 109-14, p. 41, February 28, 2005. The facts of this case are indistinguishable from this example.

clarify in their Second Amended Complaint that the class is limited to persons that are citizens of Arkansas. Thus, the first element of 28 U.S.C. § 1332(d)(4)(A)(i)(I) is satisfied. That is, this is a class in which "greater than two-thirds of the members...in the aggregate are citizens of the State in which the action was originally filed".

*Even if* the Court examines either of the first two Complaints filed by Plaintiffs, then Defendants have still not met their burden of proof on this issue. Defendants state that "No limitation of 'two-third' membership was alleged" in either of Plaintiffs' first two complaints. (Defendants' Response, p.6.) This misses the point. Based on Defendants' burden of proof, it is Defendants that must allege that less than two-thirds of putative class members are Arkansas citizens if they wish to argue that the case does not meet the two-thirds threshold of 28 U.S.C. § 1332(d)(4). All the complaints define the class with geographic boundaries solely within the state of Arkansas[4] and there is every reason to believe that over two-thirds of putative class members in all the complaints are citizens of Arkansas.

### B. DEFENDANTS DO NOT SHOW THAT MR. GORDON IS A CITIZEN OF A STATE OTHER THAN ARKANSAS

It is beyond dispute that Defendant Gordon is alleged to be a citizen of Arkansas in the Second Amended Complaint. Defendants, moreover, concede that Plaintiffs have a legal right to amend their Complaint to allege the citizenship of Mr. Gordon. *See Defendants' Response*, p.7.

*Even if* the Court examines the First Amended Complaint, then Defendants have not met their burden to allege the citizenship of Mr. Gordon. Importantly, Defendants never suggest that Mr. Gordon is a citizen of any state other than Arkansas. Accordingly, Defendants have not met their burden of showing that 28 U.S.C. § 1332(d)(4)(A)(i)(cc) is inapplicable to the case at bar.

### C. PLAINTIFFS SEEK SIGNIFICANT RELIEF FROM DEFENDANT GORDON

Defendants argue that Defendant Gordon will not be the one to pay for any conduct that a jury determines was negligent and, therefore, Plaintiffs do not seek "significant relief" within the

---

[4] The geographic boundaries in the original, first, and second amended complaint are limited to Texarkana, Arkansas.

ambit of 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa). Defendants misconstrue what is required for a claimant to seek "significant relief" under CAFA in subsection 4(a)(i)(II)(aa) and err in three ways. First, Defendant's argument that a principal and an agent are "one entity" for purposes of a judgment is wrong as a matter of law. Second, Defendants' argument that Plaintiffs are "gaming" the system by adding an employee as a Defendant is factually and legally unsupported. Third, Defendants' argument that Plaintiffs do not seek significant relief from an employee in a vicarious liability action is wrong because the employee may be held liable for a significant monetary sum in a judgment.

Defendant's statement that "this case is the same case whether Mr. Gordon is a named defendant or simply an employee of Union Pacific" (Defendants' Response, p.10) is simply incorrect as a statement of the law. When Congress enacted CAFA, it was presumably aware of the general understanding that an "injured person's claims against the primary obligor and the person vicariously responsible for his conduct are in important respects *separate claims*." Restatement of Judgments (Second), § 51, comment c (emphasis added).[5] Because the claims against Union Pacific and against Defendant Gordon are in important respects separate claims, it follows that Plaintiffs' decision to name Mr. Gordon as a Defendant is not without legal significance. Therefore, because the claim against Mr. Gordon for his negligent conduct is not only a separate claim, but a significant one, it cannot be disputed that significant relief is sought from him.

While Defendants cite to *National Security Fire & Casualty Co. v. Barnes*, 65 Ark. App. 13, 984 S.W.2d 80 (Ark. 1999), this case only supports the Restatement's view that claims against a principal and an agent are in important respects separate claims. In *Barnes*, the Supreme Court of Arkansas indicated that following a settlement release involving a master and servant, Plaintiffs could obtain additional recovery when "the master's own conduct" was at issue. *Id.* at 65 Ark. App. 17, 984 S.W.2d 82. Here, Plaintiffs assert independent claims against Union Pacific that go

---

[5] The Restatement of Judgments has been previously recognized by the Supreme Court of Arkansas as persuasive authority. *See, e.g., Beaver v. John Q. Hammons Hotels, L.P.*, 355 Ark. 359, 365, 138 S.W.3d 664, 667-68 (Ark. 2003).

beyond the vicarious liability claims.[6] While Defendants state that Union Pacific and Defendant Gordon are "one entity" for purposes of collecting a judgment (Defendants' Response, p.14), this is incorrect.[7] Moreover, the facts of *Barnes* show that agents sometimes choose to settle a case, even though they may not be ultimately liable for any judgment award.

Defendants claim that Plaintiffs are "gaming the system" by pursuing a claim against Defendant Gordon. (See Defendants' Response, p.12). Defendants cannot seriously contend that the addition of an agent in a vicarious liability system is an attempt at "gaming the system". Such practice is routine--indeed, it is *preferable* and *expected*. *See, e.g.*, Restatement of Judgments (Second), § 51, comment b (noting that a plaintiff "is ordinarily in a position to sue both obligors in the same action *and may justly be expected to do so*.) (Emphasis added). Plaintiffs cannot be "gaming the system" by naming a party as a defendant when the law expects that they do just that.

Plaintiffs do not agree with the way Defendants argue "significant relief" should be defined–namely, that the only relevant inquiry is who actually pays the damage award holding a defendant liable. Plaintiffs suggest that the term "significant relief" should be construed so as to require that a local defendant be a person or entity that may be held liable in a judgment for a significant portion of the damages sought by a putative class (irregardless of who ultimately pays such an award). This interpretation requires more than conduct which forms a "significant basis" of the lawsuit–it also mandates that the liability award for such conduct be potentially "significant".

Plaintiffs' interpretation of "significant relief" is consistent with the plain meaning of the local controversy exception. The language of subsection 4(A)(II)(aa) does not impose a requirement that a class *receive* monetary compensation from a local defendant from whom relief is

---

[6] All of Plaintiffs' complaints assert a number of claims that are entirely independent of the vicarious liability relationship. For instance, Plaintiffs allege that Defendant Union Pacific is strictly liable for the release of toxic chemicals based on its engagement in an ultra-hazardous activity.

[7] Defendants' argument that both employer and employee are "one entity" fails in another respect as well. A finding of civil liability against a defendant may carry with it independent legal significance and damage to reputation that may cause the employer and employee to judge their own self-interest differently. To view them as "one entity" would be to ignore this seemingly obvious point.

sought. Rather, it merely requires that the local defendant be a person "from whom significant relief is sought by members of the plaintiff class". Thus, a local defendant may be a person from whom significant relief is sought even though a third party will ultimately be responsible for paying such relief. Defendants interpret the statute to require that the local defendant actually pay the relief sought, but this requirement finds no support in the statutory language of CAFA. In addition, Defendants' suggested interpretation would create a new statutory requirement that requires courts to speculate as to whether a local defendant has the funds to satisfy a judgment. Thus, in this case Defendant Gordon is a person "from whom significant relief is sought" under the plain meaning of the local controversy exception regardless of whether he will be the one to pay the judgment.

Plaintiffs' interpretation is consistent with the legislative history. The legislative history notes that "[t]he defendant must be a target from whom significant relief is sought by the class (as opposed to just a subset of the class)..." S. Rep. 109-14, P.L. 109-2, The Class Action Fairness Act of 2005 Senate Report No. 109-14, p. 40, February 28, 2005. This statement strongly suggests that the "significant relief" requirement was mainly concerned with ensuring that a defendant would be liable to the class as a whole. The example given in the legislative history, to which Defendants cite, reaffirms that the main criteria for a "target" is that the person be liable to the class as a whole. Thus, as Defendants note, the Committee Report stated:

> For example, in a consumer fraud case alleging that an insurance company incorporated and based in another state misrepresented its policies, a local agent of the company named as a defendant presumably would not fit this criteria. *He or she probably would have had contact with only some of the purported class members* and thus would not be a person from whom significant relief would be sought by the plaintiff class viewed as a whole. Obviously, from a relief standpoint, the real demand *of the full class* in terms of seeking significant relief would be on the insurance company itself.

S. Rep. 109-15 P.L. 109-2, The Class Action Fairness Act of 2005 Senate Report No. 109-14, p. 43, February 28, 2005 (emphasis added). Here, the local defendant–Mr. Gordon–will be liable to *all* of the putative class.

Plaintiffs' interpretation is also easier to apply in practice than Defendants' suggested reading. Defendants' reading of the statute is likely to lead to anomalous results based on various indemnity agreements and other legal scenarios in which a party that is found liable for a legal wrong does not actually pay for its own liability. Taken literally, for example, Defendants'

argument would make an insurance company that is responsible for an insured's negligence the only "target" from which "significant relief" is sought.[8]

In the vicarious liability situation, when the employee's conduct is the basis for a claim of negligence, it is proper to say that a plaintiff seeks significant relief "from" the employee because any judgment will name the employee as being liable for a specified monetary sum. *See, e.g., Poydras v. Parker*, 392 So. 2d 94 (La. App. 1980) (judgment named employee in vicarious liability case). Thus, should there be an entry of judgment in this case, Defendant Gordon will be held liable for a specified sum of damages to Plaintiffs for *his* negligent conduct. It would be elevating form over substance to conclude that, in such a situation, Plaintiffs do not seek relief "from" Defendant Gordon.

If the Court accepts Defendants' reading of "significant relief" it will provide a perverse incentive for plaintiffs to sue only employees, and not their employers, in state court to avoid CAFA jurisdiction. Thus, if the Court reads "significant relief" as Defendants urge, the likely result will be that future plaintiffs will "split" their cases against employees and employers when they desire to be in state court.

Finally, Congress gave an example as to how the Committee intended the local controversy provision to work that is indistinguishable from this case:

> A Class Action is brought in Florida state court against a Florida funeral home regarding alleged wrongdoing in burial practices. Nearly all the plaintiffs live in Florida (about 90 percent). The suit is brought against the cemetery, a Florida corporation, and an out-of-state parent company that was involved in supervising the cemetery. No other class action suits have been filed against the cemetery. This is precisely the type of case for which the Local Controversy Exception was developed. Although there is one out-of-state defendant (the parent company), the controversy is at its core a local one, and the Florida state court where it was brought has a strong interest in resolving the dispute. Thus, this case would remain in state court.

S. Rep. 109-15 P.L. 109-2, The Class Action Fairness Act of 2005 Senate Report No. 109-14, p. 41, February 28, 2005. Here too, this is a case primarily involving Arkansas citizens, in which a local defendant is alleged to have been negligent, and the case is at its core a "local one". Thus, this case should be remanded.

---

[8] Conceivably, under Defendant Union Pacific's proposed definition of significant relief, only Union Pacific's insurers are the real "target" of this lawsuit.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motion to Remand should be granted. Defendants have not sustained their burden of proof to show jurisdiction under CAFA exists over this putative class action. The local controversy exception applies. Therefore, Plaintiffs respectfully request that this case remanded to Miller County, Arkansas.

Respectfully Submitted,

M. David Karnas
**BELLOVIN & KARNAS, P.C.**
100 North Stone Avenue, Suite 1105
Tucson, AZ 85701
Telephone: 520-571-9700
Telecopier: 520-571-8556

**DUNN, NUTTER & MORGAN, L.L.P.**
Suite 6, State Line Plaza, Box 8030
Texarkana, Arkansas 71854-5945
Telephone: 870-773-5651
Telecopier: 870-772-2037
Email: rgnutter@dnmlawfirm.com

By: _R. Gary Nutter_
R. Gary Nutter
ABA#71058

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, R. Gary Nutter, one of the attorneys for Plaintiffs, hereby certify that on the 23rd day of December, 2005, I electronically filed the foregoing Plaintiffs' Reply to Defendants' Response to Motion to Remand to Miller County, Arkansas with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following attorneys:

**Attorneys for Defendants:**
George L. McWilliams
Sean F. Rommel
Patton Roberts McWilliams & Capshaw
Century Plaza, Suite 400
2900 St. Michael Drive
Texarkana, TX 75503

_____
R. Gary Nutter