IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| TROY H. BRADFORD AND GLORIA BRADFORD, Individually and as Class Representatives on Behalf of All Similarly Situated Persons; and BOOKS ETC., by and through TROY AND GLORIA BRADFORD, Class Representatives on Behalf of All Those Similarly Situated | PLAINTIFFS |
| VS.   NO. 4:05-cv-4075 HFB (Jury Trial Demanded) | |
| UNION PACIFIC RAILROAD COMPANY, A Delaware Corporation | DEFENDANT |

## SECOND AMENDED CLASS ACTION COMPLAINT

## INTRODUCTION

Plaintiffs, by and through their attorneys, bring this civil action on their own behalf and on behalf of the class they represent seeking injunctive relief and damages. This class action arises out of a rail car collision, explosion, and chemical release on October 15, 2005, in Texarkana, Arkansas. The rail cars involved in the collision were operated by Defendant Union Pacific Railroad Company. Upon information and belief, at approximately 5:00 a.m. on October 15, 2005, J.L. Gordon, the operator of a Union Pacific train, fell asleep and crashed the train he was operating into several rail cars causing a massive collision, explosion, fire, and chemical release into a nearby residential and business community. The chemical released from one of the rail cars that was part of the collision was extremely dangerous and ultra hazardous, and soon after the collision a toxic plume spread throughout the neighboring community. As the chemical plume moved through the community it caused several explosions and intense fires incinerating homes and burning a local resident to death. Moreover, thousands of residents were evacuated, businesses were closed, and real and personal property was destroyed. Additionally, many residents in the area suffered personal injuries as a result of their exposure to the chemicals released in the accident, and property was contaminated necessitating clean up. Plaintiffs seek to secure redress from Defendant for personal injuries, economic losses, property damage, evacuation costs, and other damages suffered

by Plaintiffs and members of the class they represent.

## PARTIES, JURISDICTION AND VENUE

**1.**

At all times material hereto, the events complained of herein all occurred in Miller County, Texarkana, Arkansas. All the Plaintiffs, the proposed class representatives, and prospective class members are citizens of Arkansas and Texas and were injured within Texarkana, Arkansas, and Texarkana, Texas. The Plaintiffs bring this action in their individual capacities and as the class representatives for all those who are similarly situated. Plaintiffs and the putative class members are all victims of the Union Pacific Railroad disaster which occurred on October 15, 2005, in Texarkana, Arkansas.

**2.**

Defendant, Union Pacific Railroad Company, is a corporation doing business in the state of Arkansas. The principal place of business of Union Pacific Railroad Company is 1400 Douglas Street, Omaha, Nebraska. Union Pacific Railroad Company may be served with process by serving its resident agent for service, William H. Sutton, 400 West Capitol Avenue, Suite 2000, Little Rock, Arkansas 72201.

**3.**

The plaintiff representatives are located at the following addresses and represent the classes identified below:

Plaintiff, Troy Bradford is a citizen of Arkansas who resides at 307 Fairview, Texarkana, Arkansas. Mr. Bradford was rousted out of his home and evacuated at or about 5:00 a.m. on October 15, 2005. Mr. Bradford was forced to leave his home under duress and is bringing this action individually and on behalf of all others similarly situated in the following classes: (1) the personal injury class, (2) evacuation class; and (3) the property damage class.

Plaintiff, Books Etc., is located at 801 East Street, Texarkana, Arkansas. Books Etc. is bringing this action by and through Troy Bradford, and on behalf of all others similarly situated in the following classes: (1) the economic loss/business loss class.

Plaintiff, Gloria Bradford is a citizen of Arkansas who resides at 307 Fairview, Texarkana, Arkansas. Ms. Bradford was rousted out of her home and forced to leave her home under duress and evacuated at or about 5:00 a.m. on October 15, 2005. Ms. Bradford is bringing this action individually and on behalf of all others similarly situated in the following classes: (1) the evacuation class; and (2) the property damage class.

**4.**

All Plaintiff members of the classes have been exposed to dangerous substances as described herein at either their residences, places of employment or other areas within the area of the class boundaries. The area that was affected by the releases on October 15, 2005, is located within the geographical boundaries of Texarkana, Arkansas and Texas and will be more specifically defined within subsequent pleadings when more information becomes known. Therefore, Plaintiffs will seek to amend the complaint once additional information is obtained.

**5.**

Defendant Union Pacific is a foreign Corporation with its state of incorporation and principal place of business in states other than Arkansas and Texas. However, Defendant does business on a regular basis within Texarkana, Miller County, Arkansas. In fact, it is Defendant's railroad operations within the town of Texarkana, Miller County, Arkansas, that are the subject of this Amended Complaint. Defendant maintains an agent for the purposes of service of process in Little Rock, Arkansas. Defendant Union Pacific is subject to the jurisdiction of this court, and venue is proper in Miller County.

**6.**

The identities of the fictitious defendants are presently unknown. However, once the identities of these defendants are ascertained, Plaintiffs request leave to amend this Complaint.

## CLASS ACTION ALLEGATIONS

**7.**

This action is brought by the Plaintiffs, individually and in their representative capacities, as a class action on their own behalf and on behalf of all others similarly situated, under the provisions of Federal Rules of Civil Procedure, Rule 23.

**8.**

Plaintiffs seek monetary damages to compensate Plaintiffs and members of Plaintiffs' class for personal injuries, property loss, evacuation costs, loss of use, value, and enjoyment of their property; for loss of quality of life; for economic losses including lost income and business losses; for the costs of clean up and remediation; along with other equitable relief and damages subordinate thereto; and for all costs, expert witness fees, and attorneys' fees.

**9.**

Plaintiffs seek exemplary and punitive damages because Defendant's actions were wanton, willful, and grossly negligent and carried out by ignoring the potential for harm to others.

**10.**

The class so represented by the named Plaintiffs in this action, of which the Plaintiffs themselves are members, is defined generally within the boundaries of Texarkana, Arkansas and Texas from October 15, 2005, from about 5:00 a.m. until October 16, 2005. The class as described is also referred to as the "affected area." The precise geographic boundaries of the affected area from the chemical release at the facility are not yet completely developed, however, each of the named class representatives were within the affected area, as it presently is known, during the time frames indicated above.

**11.**

Each of the classes within the contaminated area are further defined as follows:

(1) <u>The property damage class</u>. This class is represented by the aforementioned plaintiffs, and is defined as those persons who have or will have clean up costs, and repair and/or remediation costs arising out of the collision, chemical release, explosion, and fire.

(2) <u>Property evacuation class</u>. This class is represented by the aforementioned plaintiffs and is defined as all persons with a possessory interest in property from October 15, 2005, to present located within the affected area, who have lost the use and enjoyment of their property as a result of the incident, and/or who had been evacuated/forced to leave their property, or were forced to shelter in place, as a result of the incident.

(3) <u>The property clean up class</u>. This class is represented by the aforementioned Plaintiffs and includes all persons with a possessory interest in property from October 15, 2005,

to present located within the affected area and whose property requires clean up as a result of the incident.

(4) <u>The economic loss class</u>. This class is represented by the aforementioned plaintiffs and consists of all persons who have sustained an economic loss from the fire including those with a possessory interest in a business operation, and who have suffered lost income, lost wages, and other economic losses as a result of the incident which is the subject of this Complaint.

**12.**

The exact number of the members of the above class, as identified and described above is not known, but is estimated to be in the thousands. The class is sufficiently numerous that joinder of individual members in this action is impracticable.

Common questions of law and fact predominate with respect to the issues raised herein. The only individual questions affecting individual members of the class are the precise amount and measure of damages to which each class member is entitled. There are many common questions of law and fact with respect to the class regarding Defendant's liability for the incident, including but not limited to: (1) the cause and origin of the incident, (2) the violations of the applicable rules, codes and regulations,(3) the violations of the standard of care, (4) Defendant's negligence and failure to supervise, train and otherwise manage employees who are responsible for the collision, (5) failure to implement and follow safe operations procedures, (6) failure to promptly notify emergency personnel regarding an incident and to mitigate, evacuate, warn and otherwise preventing the chemical release at issue from becoming a catastrophic event; and (7) Defendant's liability for punitive damages.

The claims of the representative Plaintiffs are typical of the claims of all class members. The claims of all members of the classes including the Plaintiffs, depends on the showing that the acts and omissions of the Defendant gave rise to the rights of Plaintiffs to the relief sought herein, and in showing that the injuries to the Plaintiffs were caused by said acts and omissions of the Defendant. Each Plaintiff was injured in a common manner by the Defendant. There is no conflict between any individually named Plaintiff and any other members of the class with respect to this action, or with respect to any or all of the claims for relief herein set forth.

Plaintiffs will fairly and adequately protect the interests of the class which they represent.

The interests of the class representatives are consistent with those of the other members of the class. In addition, Plaintiffs are represented by experienced and able counsel, who have expertise in the areas of environmental law, railroad law, tort law, trial practice, and class action representation.

The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

## GENERAL FACTUAL ALLEGATIONS

### 13.

In the early morning hours (on or about 5:00 a.m.) on October 15, 2005, the operator of Defendant's train crashed the train into Defendant's own rail cars. Upon information and belief, the operator of the Union Pacific train fell asleep and then drove his train into the back of several rail cars causing a massive collision, explosion, fire, and chemical release into a nearby residential and business community. The chemical released from one of the rail cars that was part of the collision was extremely dangerous and ultra hazardous. Poisonous chemical clouds emanated from the area where the accident occurred and spread throughout the surrounding community. This dangerous chemical plume then ignited in a ball of fire consuming homes and incinerating a local resident to death. Emergency response personnel rousted nearby sleeping residents out of their beds who fled their homes in a panic under extreme emotional and mental duress. Thousands of affected residents evacuated in droves while business operations were interrupted. Economic loss was widespread and both real and personal property was destroyed. Some of the residents exposed to the deadly chemical sustained personal injuries and property damage. Some or all of the dangerous chemicals involved in the accident were released suddenly into the surrounding area causing a nuisance, and trespassed into and upon the residences and property of the Plaintiffs named herein and members of the class they represent.

Upon information and belief, Defendant had actual notice that an accident similar to the accident that caused the injuries herein would occur. In the alternative, Defendant had constructive notice that an accident similar to the incident that caused the injuries herein would occur. However, Defendant did nothing to prevent said accident from occurring and in fact engaged in a course of

conduct in conscious disregard for the safety, health, and well being of others. This conduct warrants the imposition of punitive damages. The collision, explosion, fire, and release of chemicals in this incident was caused solely and completely by the negligence of Defendant:

    i.    In the process of its operations, Defendant caused to be discharged into the affected area, toxic and hazardous chemicals which proximately caused damages to Plaintiffs and members of their class.

    ii.    The escape and spread of toxic and hazardous fumes into the affected area presented an immediate and substantial threat to public health and the environment necessitating the evacuation of area residents and the closing of local businesses.

    iii.    Upon information and belief, past and present residents of the area who have been exposed have suffered and continue to suffer great discomfort, illness, disease and emotional strain due to the exposure to toxic and hazardous chemicals emanating from the Defendant's operation. The contamination has had, *inter alia*, the following effects:

    i.    The personal lives of Plaintiffs and members of the class they represent have been disrupted and will continue to be disrupted;

    ii.    Plaintiffs and the members of the class they represent have incurred and will continue to incur out-of pocket expenses due to evacuation, property remediation, and clean up.

    iii.    Plaintiffs and the members of the class they represent have suffered property damage and the loss of use and enjoyment of their lands and properties;

    iv.    The full extent of the economic and personal injuries sustained by Plaintiffs and the members of the class they represent is presently unknown to Plaintiffs, however, the area must be restored to its former condition so as to create suitable and liveable conditions and to further facilitate the restoration of the livelihoods and operations of the Plaintiffs and the class members they represent to their former state and condition prior to the contamination of the surrounding environment;

    v.    Plaintiffs and members of the class they represent who own or operate businesses have lost revenue therefrom.

**14.**

Any and all negligent acts and/or omissions alleged within this Amended Complaint were

caused by Defendant Union Pacific and/or its agents, employees, or representatives who were acting within the course and scope of their employment with Defendant. Defendant Union Pacific is liable for the negligent acts or omissions of its agents and employees by virtue of the Doctrine of Respondeat Superior.

## COUNT ONE -NUISANCE

**15.**

Plaintiffs repeat and reallege all allegations contained in the previous Counts and Paragraphs as if set forth more fully herein.

**16.**

Through its acts and omissions in allowing toxic and hazardous chemicals to enter upon Plaintiffs' homes and property, Defendant has created and maintained a continuing nuisance upon such property described in the foregoing Paragraphs by negligently operating its rail cars in such a way as to allow a nuisance to continue and spread to surrounding areas; said nuisance was injurious to the health and well being of the Plaintiffs.

**17.**

Defendant has maintained a nuisance in the area described in the previous Paragraphs herein above, by allowing said property to exist in a dangerous and hazardous condition, to wit, in a condition where toxic and hazardous chemicals and substances which Defendant stored and handled escaped from their site containment and spread to area causing serious injury to persons coming into contact with same, all of which were injurious to the health and well being of the Plaintiffs and members of the class they represent. Said nuisance forced the evacuation of Plaintiffs and members of the class they represent.

**18.**

Said nuisance continues to this day and adversely has impacted the life and health of the Plaintiffs, interfered with the comfortable use and enjoyment of life and property, have diminished Plaintiffs' property values, and has thereby created a common law nuisance for reasons of which Defendant's are liable to the Plaintiffs and the members of the class they represent.

**19.**

By reason of the foregoing, Plaintiffs and members of Plaintiffs' class have been damaged by Defendant and request relief as more fully set forth in the Ad Damnum clause below.

## COUNT TWO - TRESPASS

**20.**

Plaintiffs repeat and reallege all allegations contained in the previous Counts and Paragraphs as if set forth more fully herein.

**21.**

By reason of the foregoing, the Defendant caused and allowed toxic and hazardous chemicals to escape from its place of business, to migrate and to spread to surrounding areas, including the homes and properties of the Plaintiffs and members of the class they represent, contaminating and causing a nuisance to exist in said areas, all as alleged above, and further to trespass on the property and into the dwelling place and businesses of the Plaintiffs which was injurious to the health and well being of the Plaintiffs, and constituted a personal trespass upon the Plaintiffs and members of the class they represent.

**22.**

Said trespass continues to this day and has adversely impacted the life and health of the Plaintiffs, for reasons of which Defendant is liable to the Plaintiffs and the members of the class they represent.

**23.**

By reason of the foregoing, Plaintiffs and members of Plaintiffs' class have been damaged by Defendant and request relief as more fully set forth in the Ad Damnum clause below.

## COUNT THREE - NEGLIGENCE

**24.**

Plaintiffs repeat and reallege all allegations contained in the previous Counts and Paragraphs as if set forth more fully herein.

**25.**

Upon information and belief, at all times while Defendant owned and/or operated said rail cars, Defendant knew or in the exercise of reasonable care should have known that toxic and hazardous substances, chemicals and chemical waste materials were present which were capable of causing serious injury and disease to persons coming into contact with the same and that said chemicals were capable of escaping and spreading and contaminating said property and the surrounding area in the event of an accident.

**26.**

In the process of operating its business and in storing and handling large quantities of toxic and hazardous substances, Defendant created a foreseeable risk of harm to the Plaintiffs which Defendant knew or in the exercise of reasonable care should have known and should have, but failed to guard or warn against.

**27.**

The damages sustained by Plaintiffs and members of the various classes they represent as herein above alleged were proximately caused wholly and solely as a consequence of the carelessness and negligence of Defendant in negligently operating the rail cars and allowing toxic and hazardous substances and chemicals to be stored in an unsafe manner, and in failing to take all due and proper measures to prevent said substances and chemicals and chemical products present from spreading and contaminating the surrounding area, and in failing to properly operate its rail cars and neglecting to monitor the safe operation of its rail cars by those who were subject to fatigue.  Plaintiffs and members of the classes they represent were foreseeable victims of the negligent operation of the rail cars at issue herein and likely to sustain damages as a consequence of residing in proximity to same.

**28.**

Defendant owed Plaintiffs and all class members herein a duty of care. This duty of care is defined by common law and statutory rules, codes, and regulations.  Defendant breached these duties defined by statute, code, rule, regulation, and common law.  Defendant's breach of the aforementioned duties owed to Plaintiffs proximately caused harm to Plaintiffs and members of the classes they represent.  Plaintiffs, including all putative class members, were damaged by

Defendant's negligence and in no way contributed to the injuries and damages they sustained as herein alleged.

**29.**

Defendant's acts were wanton, willful, and were carried out by ignoring the potential for great risk of harm to Plaintiffs justifying an award of punitive damages.

**30.**

By reason of the foregoing, Plaintiffs and members of Plaintiffs' class have been damaged by Defendant and request relief as more fully set forth in the Ad Damnum clause below.

## COUNT FOUR- NEGLIGENCE PER SE

**31.**

Plaintiffs repeat and reallege all allegations contained in the previous Courts and Paragraphs as if set forth more fully herein.

**32.**

Defendant owed Plaintiffs, and members of the class they represent, a duty of care as defined by federal, state, and local statutes, rules, codes, and regulations.

**33.**

Defendant breached the duties of care defined by statutes, rules, codes, and regulations owed to Plaintiffs and members of the class they represent.

**34.**

Plaintiffs and all class members are in the class sought to be protected by the applicable statutes, rules, and regulations, and the type of damages suffered by Plaintiffs and members of the class they represent are the type of harm sought to be prevented by the statutes, rules, codes and regulations.

**35.**

The statutes, rules, codes, and regulations clearly define Defendant's expected duties, conduct, and obligations thereunder, and Defendant has knowingly and wantonly ignored these clear directives.

**36.**

Defendant's acts are wanton, willful, and reckless and were carried out with a conscious disregard for the potential effects on Plaintiffs and the members of the class they represent.

**37.**

By reason of the foregoing, Plaintiffs and members of Plaintiffs' class have been damaged by Defendant and request relief as more fully set forth in the Ad Damnum clause below.

## COUNT FIVE- STRICT LIABILITY

**38.**

Plaintiffs repeat and reallege all allegations contained in the previous Counts and Paragraphs as if set forth more fully herein.

**39.**

Defendant was the operator of rail cars that contained abnormally dangerous and/or extremely hazardous chemicals.

**40.**

By virtue of the chemicals contained therein, said rail cars were inherently dangerous and subject to combustion, explosion, and rupture as herein occurred, regardless of the precautions employed by Defendant.

**41.**

Defendant could not conduct the operation of the rail cars in complete safety, and Plaintiffs and members of the class were at risk of harm.

**42.**

As a direct and proximate result of Defendant's inherently dangerous, extremely hazardous, and abnormally dangerous activities, Plaintiffs and members of their class have been damaged as more fully and completely described in the Ad Damnum clause below.

## AD DAMNUM CLAUSE

**WHEREFORE**, Plaintiffs and members of Plaintiffs' class pray that they be awarded compensatory and punitive damages and recover judgment against Defendant for the following:

i. Reasonable and just compensatory damage for evacuation and the loss and use and enjoyment of their property and the diminution of value of real property belonging to Plaintiffs and members of Plaintiffs' class within the areas affected by the fire, explosion, and chemical release;

ii. All expenses and economic losses, including but not limited to, out-of-pocket expenses for clean up and remediation, business losses, loss of income, and disruption of Plaintiffs and members of Plaintiffs' class' lives;

iii. Medical Monitoring so that Plaintiffs can participate in a health surveillance program that can detect the manifestation of illness from their exposure to Defendant's chemical release;

iv. Reasonable and just compensatory and punitive damages for nuisance, trespass, negligence, strict liability, inconvenience, and disruption of the lives of Plaintiffs and members of Plaintiffs' class;

v. Appropriate attorney fees and costs and expenses incurred in connection with the litigation of this matter;

vi. For an injunction requiring Defendant to clean and remediate and make safe Plaintiffs' homes, businesses, and places of employment so that Plaintiffs are not continually re-exposed to the products of combustion and hazardous substances;

vii. That Summons and process issue as to Defendant and that Defendant be served Summons and a copy of this Second Amended Class Action Complaint as required by law and that Defendant be required to appear and answer;

viii. That this case be certified as a class action pursuant to applicable Rules of Civil Procedure;

ix. Plaintiffs demand a trial by jury; and

  x.  For such other and further relief as this Court may deem just, proper, and equitable.

            Respectfully Submitted,

            M. David Karnas
            **BELLOVIN & KARNAS, P.C.**
            100 North Stone Avenue, Suite 1105
            Tucson, AZ 85701
            Telephone: 520-571-9700
            Telecopier: 520-571-8556
            Email: karnas@bellovinkarnas.com

            Roger W. Orlando
            **ORLANDO & KOPELMAN, P.C.**
            Decatur Court, Suite 400
            315 West Ponce de Leon Avenue
            Decatur, GA 30030
            Telephone: 404-373-1800
            Telecopier: 404-373-6999
            Email: roger@orlandokopelman.com

            **DUNN, NUTTER & MORGAN, L.L.P.**
            Suite 6, State Line Plaza, Box 8030
            Texarkana, Arkansas 71854-5945
            Telephone: 870-773-5651
            Telecopier: 870-772-2037
            Email: rgnutter@dnmlawfirm.com

By: _/s/ R. Gary Nutter_____
            **R. Gary Nutter**
            Arkansas Bar No. 71058

            **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, R. Gary Nutter, one of the attorneys for Plaintiffs, hereby certify that on the 16th day of February, 2006, I electronically filed the foregoing Second Amended Class Action Complaint with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following attorneys:

**Attorneys for Defendants:**
George L. McWilliams
Sean F. Rommel
Patton Roberts McWilliams & Capshaw
Century Plaza, Suite 400
2900 St. Michael Drive
Texarkana, TX 75503

_____
**R. Gary Nutter**