IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| TROY H. BRADFORD and § <br> GLORIA BRADFORD, Individually § <br> and as Class Representatives on Behalf § <br> Of All Similarly Situated Persons; § <br> and BOOKS, ETC., By and Through § <br> TROY and GLORIA BRADFORD, § <br> Class  Representatives on Behalf of § <br> All Those Similarly Situated § <br> § <br> **Plaintiffs** § <br> § <br> VS. § <br> § <br> UNION PACIFIC RAILROAD § <br> COMPANY § <br> § <br> **Defendants** § | Cause No. 4:05-cv-4075 |

**DEFENDANT UNION PACIFIC RAILOAD COMPANY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant Union Pacific Railroad Company ("hereinafter "Union Pacific") files the following Answer to the Second Amended Class Action Complaint of Plaintiffs Troy H. Bradford and Gloria Bradford, Individually and as Class Representatives on Behalf of all Similarly Situated Persons and Books, Etc., by and through Troy and Gloria Bradford, Class Representatives on Behalf of all those Similarly Situated ("Plaintiffs") and states as follows:

**UNNUMBERED ALLEGATIONS**

In response to the "Introduction" in Plaintiffs' Second Amended Class Action Complaint, Union Pacific admits that Plaintiffs purport to bring a class action lawsuit against Union Pacific seeking injunctive relief and damages, but denies that Plaintiffs are

entitled to relief under any applicable law. Union Pacific denies any reference to "the class" or "members of the class" because a class has not been certified in this cause of action. Union Pacific further denies that a class action is appropriate. Union Pacific admits that on or about October 15, 2005, an accident occurred in Texarkana, Arkansas, at approximately 5:00 a.m., when a train operated by Union Pacific collided with several railcars. Union Pacific denies any ownership interest in the specific railcar containing what is believed to have been propylene gas and which ignited. Said railcar is believed to have been owned by Trinity Industries. Union Pacific denies the operator of its train fell asleep. Union Pacific admits that a collision occurred, it admits that a railcar ignited, and it admits that a resulting fire occurred. With the exception of three houses (one occupied and two vacant), seven vehicles, a semi-tractor trailer and trailer, Union Pacific denies that a fire or chemical release occurred or entered residential or business communities. Union Pacific denies the chemical released was extremely dangerous and/or ultra hazardous, and that denies that a toxic plume spread through the neighboring community. With the exception of three houses (one occupied and two vacant), seven vehicles, and a semi-tractor trailer and trailer that were affected by fire, Union Pacific denies that a chemical plume moved through the community causing several explosions and incinerating additional homes. As a result of the topographical features of the site of the accident, the assistance of and professionalism of emergency response units from both county and city agencies, Union Pacific asserts any resulting fire was contained in un-occupied and undeveloped areas surrounding the collision site. As a result of the topographical features of the site of the accident, the assistance of and professionalism of emergency response units from both county and city agencies, Union Pacific denies that

DEFENDANT UNION PACIFIC RAILROAD COMPANY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT                    - 2 -

"many" residents in the area suffered personal injuries as a result of any exposure to any chemicals released in the accident or resulting fire, and Union Pacific denies that property owned by the Plaintiffs was contaminated necessitating clean up. Union Pacific denies the last sentence of Plaintiffs' Introduction paragraph. Except as admitted or denied herein, Union Pacific lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the introduction of Plaintiffs' Second Amended Class Action Complaint, and therefore, denies the allegations.

## PARTIES, JURISDICTION, AND VENUE

1.

Union Pacific admits that the accident made the basis of this suit occurred in Miller County, Texarkana, Arkansas. As to the remaining allegations in paragraph 1 of Plaintiffs' Second Amended Class Action Complaint, Union Pacific lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1, and therefore, denies the allegations.

2.

Union Pacific denies it is a Nebraska Corporation, admits it is a Delaware corporation, and admits that it does business in the State of Arkansas. Union Pacific admits its principal place of business is in Omaha, Nebraska, and admits it may be served with process by serving its agent for service in Little Rock, Arkansas.

3.

Union Pacific lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 (to include subparagraphs), and therefore, denies all the allegations in Paragraph 3, to include subparagraphs.

4.

Union Pacific denies any reference to "members of the classes" because a class has not been certified in this cause of action nor is it appropriate. Union Pacific denies the allegations in Paragraph 4 of Plaintiffs' Second Amended Class Action Complaint.

5.

Union Pacific admits it is a foreign corporation with its principal place of business in a state other than Arkansas or Texas. Union Pacific admits it does business in the State of Arkansas, County of Miller, City of Texarkana, and that the City of Texarkana is the site of the alleged accident. Union Pacific admits it has an agent for the purposes of service of process located in Little Rock, Arkansas. Union Pacific admits that the subject train was being operated within Miller County, Arkansas. Union Pacific denies jurisdiction and venue is proper in an Arkansas state court, but admits that jurisdiction and venue is proper within a federal district court of the Western District of Arkansas. Except as admitted or denied herein, Union Pacific lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 5, and therefore, denies the allegations.

6.

Union Pacific lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 6, and therefore, denies the allegations.

**CLASS ACTION ALLEGATIONS**

7.

Union Pacific admits Plaintiffs purport to bring this cause of action as a class action pursuant to Arkansas law. Union Pacific denies that a class action is appropriate

or that a class has been certified. Except as admitted or denied herein, Union Pacific lacks sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 7 of Plaintiffs' Second Amended Class Action Complaint, and therefore, denies the allegations.

8.

Union Pacific denies the allegations contained in Paragraph 8 of Plaintiffs' Second Amended Class Action Complaint.

9.

Union Pacific denies the allegations contained in Paragraph 9 of Plaintiffs' Second Amended Class Action Complaint.

10.

Union Pacific denies any reference to "the class" or "members of the class" because a class has not been certified in this cause of action and is not appropriate. Union Pacific lacks sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 10, and therefore, denies the allegations.

11.

Union Pacific denies any reference to "the classes" or "this class" because a class has not been certified in this cause of action and is not appropriate. Union Pacific lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 11, and its sub-parts (1) the property damage class; (2) the property evacuation class; (3) the property clean up class; (4) the economic loss class, or any other allegation and therefore, denies the allegations.

12.

Union Pacific denies all allegations in Paragraph 12 of Plaintiffs' Second Amended Class Action Complaint and each sub-paragraph therein.

## GENERAL FACTUAL ALLEGATIONS

13.

Union Pacific denies any reference to "the members of the class" because a class has not been certified in this cause of action and is not appropriate. Union Pacific admits that an accident occurred on or about October 15, 2005, at approximately 5:00 a.m, when a train operated by Union Pacific ran into several stationary railcars. Union Pacific denies that the operator of its train fell asleep. While it is believed that one of those railcars began to leak what is thought to be propylene gas, that gas remained in low-lying areas following the pathway of the railway and other ditches. Due to this topographical feature, the gas was contained in these areas. Union Pacific admits that this gas became ignited and a fire resulted in these low-lying areas and did result in damage to three houses (one occupied and two vacant), seven vehicles, and a semi-tractor trailer and trailer. As a result of these same topographical features of the site of the accident and the assistance of and professionalism of emergency response units from both county and city agencies the fire was contained and did not spread into nearby residential and businesses communities. Union Pacific denies the chemical released from the affected rail car was extremely dangerous and ultra hazardous. Except as admitted or denied herein, Union Pacific denies all remaining allegations contained in Paragraph 13, to include all subparagraphs and numbered subparagraphs.

14.

Union Pacific denies the allegations alleged in Paragraph 14 of Plaintiffs' Second Amended Class Action Complaint.

## COUNT ONE - NUISANCE

15.

Union Pacific incorporates by reference and realleges its answers contained herein to the Introduction and Paragraphs 1-14 of Plaintiffs' Second Amended Class Action Complaint. To the extent this paragraph contains an allegation, Union Pacific denies that allegation.

16.

Union Pacific denies the allegations contained in Paragraph 16 of Plaintiffs' Second Amended Class Action Complaint.

17.

Union Pacific denies the allegations contained in Paragraph 17 of Plaintiffs' Second Amended Class Action Complaint.

18.

Union Pacific denies the allegations contained in Paragraph 18 of Plaintiffs' Second Amended Class Action Complaint.

19.

Union Pacific denies the allegations contained in Paragraph 19 of Plaintiffs' Second Amended Class Action Complaint.

## COUNT TWO - TRESPASS

20.

Union Pacific incorporates by reference and reallages its answers contained herein to the Introduction and Paragraphs 1-19 of Plaintiffs' Second Amended Class Action Complaint. To the extent this paragraph contains an allegation, Union Pacific denies that allegation.

21.

Union Pacific denies the allegations contained in Paragraph 21 of Plaintiffs' Second Amended Class Action Complaint.

22.

Union Pacific denies the allegations contained in Paragraph 22 of Plaintiffs' Second Amended Class Action Complaint.

23.

Union Pacific denies the allegations contained in Paragraph 23 of Plaintiff's Second Amended Class Action Complaint.

## COUNT THREE - NEGLIGENCE

24.

Union Pacific incorporates by reference and realleges the answers contained herein to the Introduction and Paragraphs 1-23 of Plaintiffs' Second Amended Class Action Complaint. To the extent this paragraph contains an allegation, Union Pacific denies that allegation.

25.

Union Pacific denies the allegations contained in Paragraph 25 of Plaintiffs' Second Amended Class Action Complaint.

26.

Union Pacific denies the allegations contained in Paragraph 26 of Plaintiffs' Second Amended Class Action Complaint.

27.

Union Pacific denies the allegations contained in Paragraph 27 of Plaintiffs' Second Amended Class Action Complaint.

28.

Union Pacific denies the allegations contained in Paragraph 28 of Plaintiffs' Second Amended Class Action Complaint.

29.

Union Pacific denies the allegations contained in Paragraph 29 of Plaintiffs' Second Amended Class Action Complaint.

30.

Union Pacific denies the allegations contained in Paragraph 30 of Plaintiffs' Second Amended Class Action Complaint.

**COUNT FOUR – NEGLIGENCE PER SE**

31.

Union Pacific incorporates by reference and realleges the answers contained herein to the Introduction and Paragraphs 1-30 of Plaintiffs' Second Amended Class

Action Complaint. To the extent this paragraph contains an allegation, Union Pacific denies that allegation.

32.

Union Pacific denies any reference to "Plaintiffs and members of the class they represent" because a class has not been certified in this cause of action. Union Pacific lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 32 of Plaintiffs' Second Amended Class Action Complaint, and therefore, denies the allegations.

33.

Union Pacific denies the allegations contained in Paragraph 33 of Plaintiffs' Second Amended Class Action Complaint.

34.

Union Pacific denies any reference to "class members" and "Plaintiffs and members of the class they represent" because a class has not been certified in this cause of action. Union Pacific lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 34, and therefore, denies the allegations.

35.

Union Pacific denies that it knowingly or wantonly ignored any applicable statute, code, regulation, rule, or directive.  Plaintiffs' blanket allegations regarding statutes, rules, codes, and regulations are also denied.

36.

Union Pacific denies the allegations in Paragraph 36 of Plaintiffs' Second Amended Class Action Complaint.

37.

Union Pacific denies the allegations in Paragraph 37 of Plaintiffs' Second Amended Class Action Complaint.

### **COUNT FIVE – STRICT LIABILITY**

38.

Union Pacific incorporates by reference and realleges the answers contained herein to the Introduction and Paragraphs 1-37 of Plaintiffs' Second Amended Class Action Complaint. To the extent this paragraph contains an allegation, Union Pacific denies that allegation.

39.

Union Pacific denies the allegations contained in Paragraph 39 of Plaintiffs' Second Amended Class Action Complaint.

40.

Union Pacific denies the allegations contained in Paragraph 40 of Plaintiffs' Second Amended Class Action Complaint.

41.

Union Pacific denies the allegations contained in Paragraph 41 of Plaintiffs' Second Amended Class Action Complaint.

42.

Union Pacific denies the allegations contained in Paragraph 42 of Plaintiffs' Second Amended Class Action Complaint.

## AD DAMNUM CLAUSE

Union Pacific denies the allegations and prayers for relief asserted in Plaintiffs' Ad Damnum Clause to include all subparts and numbered parts i. through x.

## ADDITIONAL DENIALS

Union Pacific denies any allegations in Plaintiffs' Second Amended Class Action Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## UNION PACIFIC'S AFFIRMATIVE DEFENSES

1. Pleading affirmatively, the Union Pacific states that for each of the following reasons, Plaintiffs' punitive damages claims are unconstitutional and should be dismissed:

> a. Arkansas law has not established a definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring Plaintiffs to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates Union Pacific's due process rights under the U. S. Constitution, Amend. XIV, and the corresponding applicable due process provisions of the Arkansas Constitution.
>
> b. Because it is not subject to a predetermined limit, such as maximum multiple compensatory damages or a maximum amount, an award of punitive damages violates Union Pacific's due process rights under the U. S. Constitution, Amend. XIV, and corresponding applicable due process provisions of the Arkansas Constitution.

    c.    An award of punitive damages violates Union Pacific's due process and equal protection rights guaranteed by the U. S. Constitution, Amend. XIV, and the double jeopardy clause of the U. S. Constitution, Amend. V, as incorporated into Amend. XIV, and a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of insidiously discriminatory characteristics, including the corporate status of Union Pacific; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character and degree of the alleged wrong.

    d.    An award of punitive damages under Arkansas law for the purposes of compensating Plaintiffs for elements of damage not otherwise recognized by Arkansas law violates the Union Pacific's due process rights guaranteed by the U. S. Constitution, Amend. XIV, and by the corresponding applicable provisions of the Arkansas Constitution.

    e.    An award of punitive damages under state law without the same protection that is accorded to all criminal defendants, including protection

against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel violates Union Pacific's rights under the U. S. Constitution, Amend. XIV and Amends. IV, V and VI, as incorporated into Amend. XIV, and under the corresponding applicable provisions of the Arkansas Constitution.

2. Some or all of Plaintiffs' claims are barred by Union Pacific's compliance with all applicable state and federal laws.

3. Some or all of Plaintiffs' claims are or may be barred by prior releases tendered in satisfaction of claims.

4. Some or all Plaintiffs are not the real parties in interest as to some or all of the claims and damages alleged in Plaintiffs' Second Amended Class Action Complaint.

5. The alleged damages, if any, of which Plaintiffs complain were not proximately caused by or contributed to by any act or omission of Union Pacific or any person or entity for whom Union Pacific is responsible. To the extent Plaintiffs suffer from any alleged injuries or damages, those alleged injuries or damages were caused solely by the acts or omissions of Plaintiffs or the acts or omissions of persons or entities other than Union Pacific and for whom Union Pacific is not responsible.

6. Union Pacific neither knew nor should have known that any of the products to which Plaintiffs were allegedly exposed were hazardous or constitute a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific and/or industrial knowledge available to Union Pacific at all times relevant to the claims or causes of actions asserted by Plaintiffs.

7.     The claims asserted in Plaintiffs' Second Amended Class Action Complaint are general in nature and provide limited information upon which Union Pacific can assess the parameters or merits of Plaintiffs' claims against Union Pacific. Accordingly, Union Pacific reserves the right to assert any and all affirmative defenses which investigation and discovery may hereinafter reveal to be appropriate.

## JURY DEMAND

Union Pacific respectfully requests trial by jury.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, Defendant Union Pacific Railroad Company prays this Court find that Plaintiffs' claims should be dismissed, dismiss Plaintiffs' claims with prejudice, and order any such additional relief to Defendant Union Pacific Railroad Company to which it may prove itself entitled.

Respectfully submitted,

./s/ Sean F. Rommel
George L. McWilliams
Arkansas Bar  No. 68078
Sean F. Rommel
Arkansas Bar No. 94158
Leisa B. Pearlman
Arkansas Bar No. 92070
Jack T. Patterson II
Arkansas Bar No. 95012
**PATTON, ROBERTS,**
**McWILLIAMS &  CAPSHAW, L.L.P.**
2900 St. Michael Drive, Suite 400
Post Office Box 6128
Texarkana, Texas  75505-6128
Telephone:  (903) 334-7000
Facsimile:   (903) 334-7007
ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served upon all known counsel of record in the above action by electronic filing on this 24th day of February, 2006.


                                                    /s/ Sean F. Rommel
                                                    Sean F. Rommel