IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TROY H. BRADFORD and GLORIA BRADFORD, Individually and as Class Representatives on Behalf of All Similarly Situated Persons; and BOOKS, ETC., by and through TROY and GLORIA BRADFORD, Class Representatives on Behalf of All Those Similarly Situated, | § § § § § § § § § § | |
| **Plaintiffs** | § § | |
| vs. | § § | CAUSE NO. 4:05-cv-4075 |
| UNION PACIFIC RAILROAD COMPANY, | § § § § | |
| **Defendant** | § | |

**FED. R. CIV. P. RULE 26(f) REPORT**

Pursuant to this Court's Initial Scheduling Order dated February 9, 2006, the Parties hereby submit their Fed. R. Civ. P. Rule 26(f) Report and proposed scheduling order and would show the Court the following:

On March 24, 2006, counsel for Plaintiffs (M. David Karnas, Roger W. Orlando, and R. Gary Nutter) conferred with counsel for Defendant (Sean F. Rommel, George L. McWilliams, and Leisa Pearlman) pursuant to Fed. R. Civ. P. 26(f).

1. Any changes in timing, form, or requirement of mandatory disclosures under Fed. R. Civ. P. 26(a):

**Agreed Language**

The parties request they be allowed to submit disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A-D) by May 8, 2006. Each party has a continuing duty to voluntarily, without request, supplement the initial disclosure within thirty (30) days of learning of any new information for the disclosure, unless good cause shown.

2.   Date when mandatory disclosures were or will be made:

**Agreed Language**

Initial Disclosures will be made on May 8, 2006. Plaintiffs shall be required to make Rule 26(a)(2) disclosures on September 15, 2006. Defendant shall be required to make Rule 26(a)(2) disclosures on October 16, 2006. Supplemental reports are to be provided by November 22, 2006.

3.   Subjects on which discovery may be needed:

**Agreed Position**

The parties anticipate discovery to be conducted in regard to issues involving certification pursuant to Fed. R. Civ. P. 23, issues involving the merits of Plaintiffs' allegations, Defendant's liability, Defendant's defenses, issues involving causation and any alleged damages, and issues involving punitive damages. Discovery may commence following the filing of this report. Plaintiffs and Defendant shall complete their class discovery by June 20, 2006.

4.   Whether any party will likely be requested to disclose or produce information from electronic or computer-based media:

**Agreed Language**

The parties anticipate the majority of production of documents in paper format. Should the need arise wherein production will be in electronic or computer-based media, the parties will coordinate to agree upon the format. By agreeing to production in paper format, the parties are not waiving their right to seek production in electronic format.

5. **Date by which discovery should be completed:**

**Agreed Position**

Class discovery to be completed by June 20, 2006. Fact discovery is to be completed by November 22, 2006. Expert discovery is to be completed by December 15, 2006.

**Plaintiff's Position**

Following the filing of the dispositive motions, Plaintiff reserves the right to seek additional discovery for good cause shown.

**Defendant's Position**

Object.

6. **Any needed changes in limitations imposed by the Federal Rules of Civil Procedure:**

**Agreed  Position**

The parties request each side be allowed to propound thirty-five (35) interrogatories.

**Plaintiffs' Position**

Plaintiffs agree to follow the limitations regarding depositions pursuant to the Federal Rules of Civil Procedure, but that expert depositions be excluded from this limitation. At this time, without some initial discovery, Plaintiffs cannot agree to Defendant's proposal regarding "a total of 175 hours for oral deposition."

**Defendant's Position**

Due to the nature and potential complexity of the case, each side should be allowed a total of 175 hours for oral deposition with no lay witness deposition to exceed seven (7) hours and no expert deposition to exceed eight (8) hours, unless otherwise by agreement. Time used to depose witnesses on any issue, including class certification issues, shall be counted toward these limitations. There is no limit on the number of potential witnesses to be deposed other than the total hours limit for all depositions.

7. **Any Order, e.g. protective orders, which should be entered:**

The parties agree that a protective order may be necessary in this case as to the confidentiality of certain documents to be produced by either party and will attempt to submit an agreed order to the Court.

8. **Any objections to initial disclosures on the grounds that mandatory disclosures are not appropriate in the circumstances of the action:**

None.

9. **Any objections to the proposed trial date:**

None at this time.

10. **Proposed deadline for joining other parties and amending the pleadings:**

**Agreed Position**

Plaintiffs may amend their complaint for purposes of class certification by May 15, 2006. Plaintiffs may join any additional parties and amend their pleadings for all other purposes by July 30, 2006. Defendants may join any additional parties and amend their pleadings, to include answering Plaintiffs' final amended complaint by August 30, 2006. In the event

Defendant does join any additional party as of August 30, 2006, Plaintiffs may have until September 19, 2006, to file an amended complaint.  As to non-parties for apportionment of fault, Defendant will abide by the notification requirements of Arkansas law.

11.     **Proposed deadline for filing motions other than motions for class certification:**

**Agreed  Position**

The filing deadline for dispositive and *Daubert* motions shall be December 18, 2006, and the filing of responses by January 9, 2007.  The filing deadline for Motions in Limine shall be January 26, 2007, with responses by February 9, 2007.

12.     **Class certification motion deadline and briefing schedule:**

The Plaintiffs' Motion for Class Certification shall be filed no later than June 27, 2006. The Defendant shall have until July 25, 2006, to file a response in accordance with the local rules. Plaintiffs shall have ten (10) business days thereafter to file their reply.  The parties suggest that the oral argument on the Motion for Class Certification should occur in August 2006.

13.     **Regular status conferences**

**Plaintiffs' Position**

As is customary in complex litigation, Plaintiffs request that the court schedule periodic status conferences to take up any issues that may arise in the normal course of proceedings.   The plaintiffs request that the first conference occur in May 2006.

**Defendant's Position**

Defendant sees no need, at this time, for periodic status conferences.

14.     **Settlement Conference**

The parties have explored the possibility of settlement and engaged in good faith discussions without the assistance of a third party mediator or settlement master. The parties believe that the appointment of a mediator or settlement master to explore alternative dispute resolution techniques, including settlement, is appropriate. The parties will attempt to agree upon a mediator. If an agreement cannot be reached, the parties will seek the Court's guidance.

15.   **Communication with potential class members**

**Plaintiffs' Position**

The Defendant has as duty to disclose to the Plaintiffs the names, addresses and phone numbers of all putative class members with whom they have communications. The Defendants shall not initiate communications with putative class members. If a putative class member contacts Defendant, Plaintiffs' designated counsel shall be notified. Upon such notification, Plaintiffs designated counsel and counsel designated by Defendant shall simultaneously communicate with the putative class member. No unsupervised unilateral communications shall occur with any putative class member by Defendants unless that person is represented by an attorney. Plaintiffs believe their position is consistent with the Court's directive and will file a motion on the issue.

**Defendant's Position**

Plaintiffs' position is absolutely contrary to the Court's guidance given at the hearing on the motion to remand and is not supported by any controlling authority. At the hearing, Defendant's counsel informed the Court that contact initiated by putative class members was being made to UP without UP solicitation. Counsel further informed the Court that putative class members represented by other attorneys were desiring to settle individual claims. At that

time, the Court indicated that as long as UP was not soliciting and initiating contact with unrepresented putative class members, UP could deal directly with any claimant. Plaintiffs' position illustrates an attempt for them to gain control over claims brought by those persons who do not wish to participate in the class action, to include those represented by counsel not affiliated with this case, and to seek credit (presumably for a higher fee) for any settlement achieved by UP, either directly or through a claimant's counsel. While Plaintiffs may represent individual putative class members and the named Plaintiffs, they do not represent all putative class members, and they have no authority to interlope in the legal affairs of putative class members who do not desire to be a part of their suit.

**Proposed Scheduling Order:**

Attached is the parties' proposed scheduling order.

**Request For Hearing:**

The parties request a hearing regarding the issues in controversy raised in this report.

Respectfully submitted,

./s/ Sean F. Rommel
George L. McWilliams
Arkansas Bar No. 68078
Sean F. Rommel
Arkansas Bar No. 94158
Leisa B. Pearlman
Arkansas Bar No. 92070
Jack T. Patterson II
Arkansas Bar No. 95012
**PATTON, ROBERTS,
McWILLIAMS & CAPSHAW, L.L.P.**
2900 St. Michael Drive, Suite 400
Post Office Box 6128
Texarkana, Texas 75505-6128

        Telephone:  (903) 334-7000
        Facsimile:   (903) 334-7007
        **ATTORNEYS FOR DEFENDANTS**


        M. David Karnas
        **BELLOVIN & KARNAS, P.C.**
        100 North Stone Avenue, Suite 1105
        Tucson, AZ  85701
        Telephone: (520) 571-9700
        Facsimile: (520) 571-8556
        Email: karmas@bellovinkarnas.com

        Roger W. Orlando
        **ORLANDO & KOPELMAN, P.C.**
        Decatur Court, Suite 400
        315 West Ponce de Leon Avenue
        Decatur, GA 30030
        Telephone:  (404) 373-1800
        Facsimile:  (404) 373-6999
        Email:  roger@orlandokopelman.com

        R. Gary Nutter
        Ark. Bar. No. 71058
        **DUNN, NUTTER & MORGAN, L.L.P.**
        Suite 6, State Line Plaza, Box 8030
        Texarkana, Arkansas 71854-5945
        Telephone:  (870) 773-5651
        Facsimile:  (870) 772-2037
        Email:  rgnutter@dnmlawfirm.com

        **ATTORNEYS FOR  PLAINTIFFS**


<u>**CERTIFICATE  OF SERVICE**</u>

     I hereby certify that a true and correct copy of the foregoing document was served upon all known counsel of record in the above action by electronic filing on this 27th day of April, 2006.


          __/s/ Sean F. Rommel_____


**FED. R. CIV. P. RULE 26(f) REPORT - Page 8**

Sean F. Rommel