IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TROY H. BRADFORD AND GLORIA             PLAINTIFFS
BRADFORD, Individually and as Class
Representatives on Behalf of All
Similarly Situated Persons; and
BOOKS ETC., by and through TROY
AND GLORIA BRADFORD, Class
Representatives on Behalf of All Those
Similarly Situated;

VS.             NO. 4:05-cv-4075  HFB

UNION PACIFIC RAILROAD COMPANY,             DEFENDANT
A Delaware Corporation,

( Jury Trial Demanded)

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO PROHIBIT DEFENDANT COMMUNICATION WITH UNREPRESENTED PUTATIVE CLASS MEMBERS**

**INTRODUCTION**

Plaintiffs, by and through their attorneys, respectfully move this Court for an Order prohibiting Defendant from communicating with unrepresented putative class members, since any such communication infringes upon the constructive attorney-client relationship that exists between counsel for the class representatives and the putative members of the class. Any such communication undermines the benefits and protections that a class action is intended to provide class members. The class action device enables a large group of individuals who may not have the financial ability to take on a large corporate defendant or <u>individually</u> retain counsel, to collectively litigate their claims through common class counsel. Defendant's pre-certification communication with

putative class members completely undermines the concept of collective action and representation. Such communications are not arms-length communication and effectively serve to deny class members the protection of the adequate legal representation envisioned and, indeed, required, by Rule 23. The Court should act to protect its own Rules and the rights of absent class members by restricting this fundamentally unfair and one-sided communication.

## FACTS

Just before 5:00 a.m. on October 15, 2005 one of Defendant's trains struck the rear of another of Defendant's trains. The collision resulted in the puncture of a tank car containing the highly flammable material, propylene. The propylene flowed out of the tank car and found an ignition source. This resulted in numerous explosions, one of which resulted in the death of a local resident. The explosions and fires also resulted in the evacuation of thousands of residents, real and personal property damage within the affected area (as defined in the Plaintiffs' Third Amended Complaint), economic and business loss, and personal injuries, for which remedies are sought in this action.

The Plaintiffs first filed a complaint concerning this incident on October 19, 2005, in Miller County, Arkansas, Circuit Court. That complaint was filed as a Class Action Complaint. Therefore, Defendant has had notice of the existence of Class-wide claims and class members since that date. Nevertheless, it has come to the attention of Plaintiffs' counsel that Defendant has been systematically communicating with unrepresented putative class members. Plaintiffs do not object to any communication which Defendant may engage in with a represented putative class member via their counsel. However, they must be precluded from communicating with unrepresented

putative class members in order to protect the interests of those individuals and businesses, avoid abuses, and preserve the constructive attorney-client relationship that proposed class counsel has with all putative class members.  Plaintiffs, at this time, do not have any information concerning the existence of waivers or other agreements that Defendant may have entered into with putative class members between October 15, 2005, and the present.  If the existence of any such agreements and/or waivers comes to light, Plaintiffs will challenge the validity of same.

## LAW AND ARGUMENT

The pre-certification communication between Defendant and an unrepresented putative class member violates the purpose and intent of Rule 23, F. R. Civ. P., Arkansas Rules of Professional Conduct, and Arkansas case law.  Therefore, the Defendant must be prohibited from engaging in any such communication.

Rule 4.3 of the Arkansas Rules of Professional Conduct concerns the ability of and scope of any communication between an attorney and an unrepresented party.  That rule states:

> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding. *The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client.*

(emphasis added).

In the present case, Defendant was aware of that a class action complaint had been filed on October 19, 2005. Defendant was aware that the complaint sought to certify a class of all individuals who were evacuated or sheltered-in-place, suffered damages to their real or personal property, suffered business/economic loss, and suffered a personal injury as a result of the collision and subsequent explosions and fires that occurred on October 15, 2005, in and around the Texarkana, Arkansas, rail yard. Defendant was aware that any person within the affected area who could potentially fit within any of the sub-classes identified above was a putative class member with a claim against it. Defendant, therefore, was aware and remains aware that any communication with any person who may have suffered an injury or damages as a result of the incident that is the subject matter of this litigation is a communication with someone whose interests are clearly in conflict with the interests of the Defendant, and who has a claim that is the subject of a lawsuit. Therefore, Defendant has a duty to advise any such person that Defendant's interests are opposed to those of the putative class member, and that the putative class member should consult independent counsel. Any effort to engage in a negotiation with any putative class member in an attempt to settle their claim and obtain a waiver would necessarily be done in violation of this rule. Therefore, on this basis, the Plaintiffs' request should be granted.

One of the principles of Rule 23, F. R. Civ. P., is that putative class members must have the ability to intelligently and without undue influence from either party choose whether or not they want to participate in the lawsuit. *See* Rule 23(c)(2), F. R. Civ. P. Any pre-Notice communication between a defendant and an unrepresented putative class member has the potential to violate this principle in that the parties are not

on equal footing and have conflicting interests. In *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985), the court issued an order prohibiting the defendant from engaging in any unsupervised, unilateral communications with putative class members. That court concluded:

> unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. The damage from misstatements could well be irreparable.

While Plaintiffs do not allege any unethical or nefarious intent, any unilateral unsupervised contact with an unrepresented putative class member is unavoidably rife with potential difficulties. The United States Supreme Court recognized that such communications are problematic and should be of concern to courts:

> In person solicitation may exert pressure and often demand an immediate response without providing an opportunity for comparison or reflection. The aim and effect of in-person solicitation may be to provide a one-sided presentation to encourage speedy and perhaps misinformed decision-making; there is no opportunity for intervention and counter-education.

*Id.* (citing *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 56 L.Ed.2d 444, 98 S.Ct. 1912 (1978)).

The Arkansas Supreme Court has expressed similar concerns about the propriety of unilateral and unsupervised communication between a defendant and a putative class member. That Court recognized that such communications are contrary to the intent, purpose, and protections of Rule 23.

> [A]ttempts by class opponents to discourage participation in class actions under circumstances that indicate a likelihood of coercion, or a serious potential for harm to the interests of the class action, violate the principles of Rule 23.

5

*Fraley v. Williams Ford Tractor & Equip. Co.*, 339 Ark. 332, 343; 5 S.W.3d 423 (1999). Any unsupervised and unilateral communication between Defendant, a multi-million dollar corporate entity, and a putative class member, with limited, if any, experience with and knowledge of complex civil litigation and their rights as putative class members will, by its very nature, be unequal and coercive, despite Defendant's best efforts to be fair to the putative class member. Therefore, any such communication is violative of the principles of Rule 23, and may cause putative class members to choose not to participate in this class action, settle their claim, or waive any future or additional claims against Defendant, despite the fact that any such settlement or waiver may be contrary to their best interests, since the putative class member will not have made any such decision with an adequate amount of knowledge of their rights and options, or indeed, about the effects of exposure to propylene.

Plaintiffs have clearly demonstrated that the communication which they seek to prohibit may have the effect of substantially reducing the level of participation in the litigation by putative class members, or of unfairly resolving the substantial claims of citizens not learned in the law. The Arkansas Supreme Court has clearly determined that any such communication must and shall be prohibited.

> [P]re-certification communications with potential class members which attempt to substantially reduce member participation in the class action, or which otherwise indicate a likelihood of coercion or a serious potential for harm to the interests of the class action, should be restricted or prohibited when brought to the attention of the trial court.

*Id.* at 340. Any communication Defendant has had or may have with an unrepresented putative class member will be for the purpose of settlement outside of this class action.

Such communications, coercive by its very nature, will, therefore, have the effect of reducing member participation and harm the interests of the class as a whole.

## CONCLUSION

For the reasons discussed above, any pre-certification communication between Defendant and any unrepresented putative class member must be prohibited. Any such communication is naturally coercive, violative of the principles of Rule 23, violative of the Arkansas Rules of Professional Conduct, and violative of Arkansas and federal case law. Therefore, the relief requested by Plaintiffs should be granted.

Respectfully Submitted,

M. David Karnas
**BELLOVIN & KARNAS, P.C.**
100 North Stone Avenue, Suite 1105
Tucson, AZ 85701
Telephone: 520-571-9700
Telecopier: 520-571-8556
Email: karnas@bellovinkarnas.com

Roger W. Orlando
**ORLANDO & KOPELMAN, P.C.**
Decatur Court, Suite 400
315 West Ponce de Leon Avenue
Decatur, GA 30030
Telephone: 404-373-1800
Telecopier: 404-373-6999
mail: roger@orlandokopelman.com

**DUNN, NUTTER & MORGAN, L.L.P.**
Suite 6, State Line Plaza, Box 8030
Texarkana, Arkansas 71854-5945
Telephone: 870-773-5651
Telecopier: 870-772-2037
Email: rgnutter@dnmlawfirm.com

By: _____
R. Gary Nutter
Arkansas Bar No. 71058

**ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

I, R. Gary Nutter, one of the attorneys for Plaintiffs, hereby certify that on the 15th day of May, 2006, I electronically filed the foregoing Plaintiffs' Brief in Support of Motion to Prohibit Defendant Communication With Unrepresented Putative Class Members with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following attorneys:

*Attorneys for Defendant:*
George L. McWilliams
Sean F. Rommel
Patton Roberts McWilliams & Capshaw
Century Plaza, Suite 400
2900 St. Michael Drive
Texarkana, TX  75503

_____
R. Gary Nutter