IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **GLORIA BRADFORD, Individually and as Class Representative on Behalf of All Similarly Situated Persons; NED BURNETT, JR., Individually and as Class Representative On Behalf of All Similarly Situated Persons; SAMUEL ALEXANDER, Individually and as Class Representative On Behalf of All Similarly Situated Persons; BOOKS ETC., by and through GLORIA BRADFORD, Class Representatives on Behalf of All Those Similarly Situated; and STELLA PATRICIA SMITH, Individually and as Class Representative on Behalf of All Similarly Situated Persons,** | § § § § § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | **CAUSE NO. 4:05-cv-4075 HFB** |
| **UNION PACIFIC RAILROAD COMPANY,** | § § § § | |
| Defendant. | § | |

**UNION PACIFIC RAILROAD COMPANY'S OPPOSITION
TO PLAINTIFFS' MOTION TO PROHIBIT COMMUNICATIONS
<u>WITH UNREPRESENTED PUTATIVE CLASS MEMBERS</u>**

Counsel for the putative class(es) proposed in this action have now moved for a blanket ban on Union Pacific Railroad Company's communications with putative class members who are not otherwise represented by counsel and unless they are a party to the communications. Plaintiffs' Motion to Prohibit should be denied because Plaintiffs' proposed restraint on

1

communications with putative class members before any class is certified is unsupported by law or the circumstances of this case, and ignores the fact that this Court has given guidance on the appropriate manner by which Union Pacific may respond to unsolicited offers to settle by such putative class members. As shown below, Union Pacific has not only faithfully adhered to the guideline suggested by the Court, but has taken reasonable steps to assure that any communications with putative class members are fair, non-coercive and above-board. Class counsel have not and cannot show otherwise.

## BACKGROUND

On October 15, 2005, a train derailment involving Union Pacific's trains occurred in Texarkana, Arkansas. Plaintiffs filed a class action complaint in Miller County, Arkansas on October 19, 2005. After removal to this Court, a hearing on Plaintiffs' Motion to Remand was held on January 6, 2006, at which Union Pacific sought guidance as to how to conduct communications with unrepresented putative class members who initiated contact with the railroad, correctly anticipating that such requests were likely to occur. The matter was discussed with the Court, and certain guidelines laid down – namely, that the railroad should not solicit any putative class members, but that the railroad was free to discuss settlements of individual claims should such contact be initiated by the claimant.

Union Pacific then established an internal procedure to assure that this guideline was followed, and further to assure that any communications with putative class members be done in a non-coercive and fair manner to assure no interference with the conduct of this class action. As discussed in the accompanying affidavit of Herb Stuart, Union Pacific has complied fully with this process. It has solicited no unrepresented putative class members. *See Exhibit A.* Rather, it has responded only when contact was initiated by such persons – and it has secured written

confirmation from each such person that the contact was unsolicited by the railroad, that the pendency of the class action was fully disclosed, that the individual was advised to his or her right to counsel and to be a member of the proposed class, and that Union Pacific was not acting as their counsel. *See Exhibit A.*. No communications with putative class members have occurred other than in conformity with this protocol. *See Exhibit A.*

Plaintiffs filed a motion to prohibit any communication with unrepresented putative members on May 15, 2006. The Court directed at a hearing held that day that Union Pacific could continue discussions with claimants who had already initiated contact, but that until ruling on the present motion no discussions with new claimants should go forward. Union Pacific has complied with this directive.

## ARGUMENT

### I. Union Pacific Has Scrupulously Complied With The Court's Guidance.

At the January 6, 2006 hearing, Union Pacific sought guidance from the Court as to how to respond to unsolicited contact initiated by putative members, correctly anticipating that such contact would occur following the closing of the formal claims center which the railroad had established in Texarkana immediately following the incident. *See* Exhibit B, Transcript ¶¶ 19-25 at p. 32; ¶¶ 1-6 at p. 33. While no formal order was sought or entered, the guideline the Court suggested was that Union Pacific could respond to unsolicited contact by putative class members, but the Court requested that the railroad avoid any broad or wholesale solicitation of putative class members. *See* Exhibit B, Transcript ¶¶ 3-23 at p. 34. As discussed above, and evidenced by the affidavit of Herb Stuart, Union Pacific has scrupulously complied with the Court's guidance and has taken all reasonable steps to assure that its communications with putative class members were lawful and appropriate.

This procedure makes good sense. Class counsel cannot prevent people from settling their own claims if they wish to do so – pre- or post-certification, for that matter. The process now in place assures that people wishing to settle must first initiate contact on their own, they are then advised of the pendency of this action and their right to counsel, and then – and only then – will a Union Pacific claims representative discuss their claim.

II.     **Rule 23 of Federal Rules of Civil Procedure Permits Union Pacific's Communications and The First Amendment Protects Its speech.**

Plaintiffs begin with a fundamental misunderstanding of the law governing this area: prohibitions on a party's right to communicate with persons not represented by counsel, such as putative class members before a class is certified, are the exception, not the rule, and may be justified only in extreme circumstances. The Supreme Court's so held in *Gulf Oil Co. v. Bernard*, finding that Rule 23 of Federal Rules of Civil Procedure permits unsolicited, noncoercive, and nonmisleading communications with putative members. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-102 (1981); *Great Rivers Co-Operative v. Farmland Indus., Inc.*, 59 F.3d 764, 765-766 (8th Cir. 1995)("[A] district court may not order restraints on speech under Fed. R. Civ. P. 23 (d) except when justified by actual or threatened misconduct of a serious nature"); *McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 295, 297 (D. Mass. 2004)("Nothing in Rule 23 precludes communications with putative class members from either side of the litigation"); *See also Weight Watchers of Phila. v. Weight Watchers Int'l, Inc.*, 455 F.2d 770, 773 (11th Cir. 1972)("[W]e are unable to perceive any legal theory that would endow a plaintiff…with a right to prevent negotiations of settlements between the defendant and other potential member of the class who are of a mind to do this"); *E.E.O.C. v. Mitsubishi Motor Mfg. of America, Inc.*, 102 F.3d 869, 870(7th Cir. 1996)(each side has a "right" to communicate with

4

putative members); *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 238 F.Supp.2d 151, 157 (D. D.C. 2002).

The moving party seeking such a restraint bears the burden of proof. *Gulf Oil*, 452 U.S. at 102. Thus, Plaintiffs must show with "a specific record," "the particular abuses" or "misconduct of a serious nature." *Id.; Great Rivers* 59 F.3d at 766. *See generally Broadrick v. Oklahoma*, 413 U.S. 601, 611-612, (1973)(as a general rule, First Amendment requires showing of "compelling need" to justify prior restraint on speech). Plaintiffs have made no such showing.

Were such a showing made – as it has not in this case – the sort of unrestricted, blanket prohibition proposed here would likely run afoul of the First Amendment in any event. See *Gulf Oil*, 452 U.S.103-104. The Supreme Court held that an order limiting communications must be "carefully drawn" and "limit speech as little as possible." *Id.* at 102. Plaintiffs do not seek such a "carefully drawn" order here. Since there is no specific abuse or unfair practice they seek to correct, they instead are left only with proposing a complete ban on all communications of any sort, however initiated. They thus seek to trample on the rights of individuals to settle their own claims if they wish to do so, and to put Union Pacific in the intolerable position of appearing to be unwilling to settle claims (when the exact opposite is the case). They seek an order of unlimited breadth, prohibiting "any unilateral unsupervised contact with an unrepresented putative class member." See Plaintiffs' Brief In Support of Motion to Prohibit, at p. 5.

Class counsel's moving papers cite authorities which, they assert, hold to the contrary. But they have seriously distorted the holdings in each such case. For example, they cite *Fraley v. Williams Ford Tractor & Equip. Co.*, 339 Ark. 332; 5 S.W.3d 423 (1999) as supposedly endorsing the relief they seek here. They ignore that *Fraley* expressly refused to adopt any "bright-line rule in all class actions" prohibiting "all unsupervised, unilateral communications

5

with potential class members prior to certification." *Fraley*, 5 S.W.3d at 434.  *Fraley*, to the contrary, upheld the use of constraints only where it appeared that the defendant had engaged in a surreptitious, class-wide solicitation to seek to secure uninformed settlements, without payment in most cases of any consideration for the release, trading in part on on-going business relationships to exert leverage over potential class members.  *Id*. 435-436.  In short, *Fraley* upheld restrictions on pre-certification communications with potential class members when the record established a serious pattern of abuse and the potential interference with the Court's supervision of the litigation.  Nothing of the kind exists in this case.

*Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193, 1197 (11th Cir. 1985), is even less on point.  There, the Court had determined to certify a class, was in the process of approving a form of classwide notice advising putative class members of their rights to opt-in or out of the class, and defendant engaged in what the Court found to be a clandestine classwide solicitation to secure opt-outs by current bank customers (telephoning some 3000 customers and securing exclusions from 2800 of them).  The nature of the program (telephone contact requesting immediate action), the on-going business relationship between the parties (which the court believed had inherent potential for coercion), and suspicious success of the program in securing exclusions on a wholesale basis, all led the court to find that defendant's conduct was abusive and improper.  Obviously the facts here could not be more different: Union Pacific consulted the Court before it did anything; it did not engage in solicitation; it did not seek immediate action by anyone; it took pains to inform claimants of their right to participate in the class action or otherwise to secure counsel; it refused to have any substantive communication until the person seeking to discuss settlement received, reviewed and executed a written disclaimer.

Lastly, Plaintiffs assert that communications with putative class members is or may be a violation of Rule 4.3 of the Arkansas Rules of Professional Conduct. Plaintiff's Brief at p. 3. They seem to assume that merely filing a class action creates a lawyer-client relationship between themselves and persons in the putative class with whom they have no relationship, and on whose behalf they have not been authorized to act.

The law is quite clear that putative class members are <u>not</u> represented by class counsel, prior to class certification. *See Garrett v. Metropolitan Life Ins. Co.*, 1996 WL 325725, *6 (S.D.N.Y., June 12, 1996); *Babbitt v. Albertson's Inc.*, 1993 WL 128089, *2 (N.D. Cal., Jan. 28, 1993); *Resnick v. American Dental Ass'n*, 95 F.R.D. 372, 377 n.6 (N.D. Ill. 1982). Further, Rule 4.3 only prohibits lawyers from appearing disinterested or giving legal advice to unrepresented persons. See Rule 4.3 of Arkansas Rules of Professional Conduct. By complying with the Court's guidance and following its own strict guidelines, Union Pacific has fully complied with all of its obligations. Claimants with whom it has dealt knew they had a right to their own lawyer, that the railroad was not their lawyer, and that they were free to settle or not settle as they wished.

For all these reasons, the Court's initial reaction to how best to proceed with communications with putative class members pre-certification is absolutely correct under these precedents: Union Pacific commits to continue to avoid any solicitation of putative class members, and to speak to such individuals prior to certification only if such persons initiate contact, and then confirm in writing that they are doing so voluntarily and with disclosure of the pendency of this class action and their right to secure counsel.

Finally, Union Pacific will disclose the names of those with whom it has settled claims at the proper time and in order to identify those persons as potential fact witnesses in the case.

However, Plaintiffs' assertion that they should be notified prior to and during negotiations is an invasion of the claimant's lawful right to resolve disputes without the solicitation of counsel.

## CONCLUSION

Class Counsel are not entitled to the relief they seek: Union Pacific has acted and will continue to act entirely appropriately, in conformity with the Court's guidelines and its own internal policies to assure that the process is fair and above-board.

Respectfully submitted,

./s/ Sean F. Rommel
George L. McWilliams
Arkansas Bar No. 68078
Sean F. Rommel
Arkansas Bar No. 94158
Leisa B. Pearlman
Arkansas Bar No. 92070
Jack T. Patterson II
Arkansas Bar No. 95012
**PATTON, ROBERTS,
McWILLIAMS &  CAPSHAW, L.L.P.**
2900 St. Michael Drive, Suite 400
Post Office Box 6128
Texarkana, Texas  75505-6128
Telephone:  (903) 334-7000
Facsimile:    (903) 334-7007

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record in the above action who have agreed to service by electronic filing, and to the following counsel of record by regular United States mail, on this  30th day of May, 2006.

Barry G. Reed
Zimmerman Reed, PLLP
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254.

                                            /s/ Sean F. Rommel
                                            Sean F. Rommel