**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

TROY H. BRADFORD AND GLORIA                                    PLAINTIFFS
BRADFORD, Individually and as Class
Representatives on Behalf of All
Similarly Situated Persons; and
BOOKS ETC., by and through TROY
AND GLORIA BRADFORD, Class
Representatives on Behalf of All Those
Similarly Situated;


VS.                                      NO. 4:05-cv-4075  HFB


UNION PACIFIC RAILROAD COMPANY,                               DEFENDANT
A Delaware Corporation,

                                                   (Jury Trial Demanded)


**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION**
**TO PROHIBIT DEFENDANT COMMUNICATION**
**WITH UNREPRESENTED PUTATIVE CLASS MEMBERS**


**INTRODUCTION**

Plaintiffs submit this Memorandum in further support of their imminently reasonable efforts to place limits and controls upon Defendant with respect to communication with unrepresented putative class members.

In the prior briefing each side has submitted case law supporting its position, all of which boils down to an argument that the cases cited by that party are closer to the unique facts of this case than the cases cited by the other party.   As is usually the case, issues of fundamental

fairness, like this one, are really matters for judgment and discretion, rather than bright line tests based on *stare decisis*. The important thing is to reach a result that is fair. Defendant's claim of an unfettered right to communicate is a bright line that is supported neither by the law, nor by common sense.

In the case of a class action involving, for instance, sophisticated investors suing a business the size of Defendant concerning a financial transaction, it would probably make sense to allow the defendant to deal at arm's length with the unrepresented sophisticated investor on a subject where each party comes to the negotiation with roughly equivalent knowledge and economic ammunition. This is not that case.

In this case an economically challenged community was subjected to a traumatic event that was both frightening and deadly. Many of the members of that community have substantial claims for damages that are protected by this class action. They also have economic needs and a lack of legal sophistication that makes them highly vulnerable to a proposal for a quick settlement that amounts to little more than an easily induced capitulation to Defendant's view that claims against it never have real value.

The proper arbiter of whether those claims do indeed have value, if the legal system is to approach fairness, is a fair and objective fact finder, be it jury or judge. Plaintiffs' economic need and the Defendant's economic self-interests make poor surrogate guardians of fairness.

In this case, the right thing to do is to allow the facts, the science and the case to develop to a point where the power of the class, as a community, is close enough to the power of Union Pacific to permit equal bargaining regarding a fair outcome. Defendant's proposed approach, where they can make quick settlements with individuals desperate enough to seek them out, can only lead to outcomes that do neither the legal system nor Defendant credit.

Defendant can afford to settle these cases fairly with individuals who have equal access to information.  Waiting will do them no harm that is meaningful, whereas allowing cases to settle for less than is appropriate may seriously impact the claimant.

As the divided case law makes clear, there is no absolute right answer to the dilemma of the competing interests of freedom of contract and fundamental fairness under the unique circumstances where they must be balanced in a case like this.  Plaintiffs believe that the fairer result will be reached by keeping the Defendant separate from unrepresented victims until the facts regarding the science, the potential punitive damages, and other issues have been developed to a point where those releasing their claims know the value of what they may be releasing. Plaintiffs' motion should be granted with the option to re-visit the issue as the case develops and proceeds.

Respectfully Submitted,

R. Gary Nutter
**DUNN, NUTTER & MORGAN, L.L.P.**
Suite 6, State Line Plaza, Box 8030
Texarkana, Arkansas 71854-5945
Telephone:  870-773-5651
Telecopier:  870-772-2037
Email: rgnutter@dnmlawfirm.com

M. David Karnas
**BELLOVIN & KARNAS, P.C.**
100 North Stone Avenue, Suite 1105
Tucson, AZ  85701
Telephone: 520-571-9700
Telecopier: 520-571-8556
Email:  karnas@bellovinkarnas.com

Roger W. Orlando
**ORLANDO & KOPELMAN, P.C.**
Decatur Court, Suite 400
315 West Ponce De Leon Avenue
Decatur, GA  30030
Telephone: 404-373-1800
Telecopier: 404-373-6999
Email: roger@orlandokopelman.com


Barry G. Reed
**ZIMMERMAN REED, PLLP**
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Telephone:  480-348-6400
Telecopier:  480-348-6415
Email:  bgr@zimmreed.com


By:_____/s/ Barry G. Reed_____


ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, R. Gary Nutter, attorney for Plaintiffs, hereby certify that on the 6th day of June, 2006, I electronically filed the foregoing PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO PROHIBIT DEFENDANT COMMUNICATION WITH UNREPRESENTED PUTATIVE CLASS MEMBERS with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following attorneys:

Attorneys for Defendants:

George L. McWilliams
Sean F. Rommel
Patton Roberts McWilliams & Capshaw
Century Plaza, Suite 400
2900 St. Michael Drive
Texarkana, TX  75503


       /s/ R. Gary Nutter

Plaintiffs' Reply Brief in Further Support of
Their Motion to Prohibit Defendant Communication
with Unrepresented Putative Class Members                      Page 5