IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GLORIA BRADFORD, individually
and as class representative on behalf
of all similarly situated persons, et al.                                        PLAINTIFFS

VS.                                          Case No. 05-CV-4075

UNION PACIFIC RAILROAD COMPANY,
a Delaware corporation                                                               DEFENDANT

## ORDER

Before the Court is Plaintiffs' Motion for Permanent Injunction to Prohibit Defendant Communication with Unrepresented Putative Class Members. (Doc. 34) Defendant Union Pacific Railroad Company ("Union Pacific") has responded. (Doc. 41) Plaintiffs (hereinafter collectively referred to as "Bradford") have filed a reply. (Doc. 45) The Court finds the motion ripe for consideration.

### I. BACKGROUND

Following the October 15, 2005, train derailment that gave rise to this suit, Union Pacific opened a claims center in Texarkana, Arkansas, for potential claimants to present claims to Union Pacific for payment. Upon learning of the filing of this class action, Union Pacific closed the claims center and has not solicited claims from persons not represented by counsel. (Doc. 41-2, Affidavit of Herb Stuart, Director of Claims Operations for Union Pacific, §§ 2 and 5) At the end of a hearing held on January 4, 2006, Union Pacific's attorney advised the Court that he and Union Pacific had been receiving numerous phone calls from individuals who were potential class members, but that Union Pacific had not been contacting individuals to settle claims. (Doc.

41-4, p. 4-5)  After a brief discussion, the Court stated, "If you all don't solicit it, I don't think you have any problems." (*Id.*, p. 6)

Following the hearing, Union Pacific created a form letter (Doc. 41-3) to send to claimants who had contacted Union Pacific about their claims.  Union Pacific sent every person or business who contacted it and was not represented by counsel the form letter. (Doc. 41-2, § 4)  The form letter informs the potential claimant that this class action is currently pending and directs the claimant to the Clerk of Court for more information.  The form letter asks the claimant to confirm that he initiated contact with Union Pacific about his claim.  It also asks whether the claimant has been contacted by or is represented by an attorney.  If the claimant is represented by an attorney, the attorney's name is requested.  The form letter also informs a claimant that he has a right to obtain an attorney to make a claim against Union Pacific.  It goes on to state that Union Pacific is not the claimants' attorney and asks the claimant to confirm that he understands he is a potential member of the putative class and that if the claimant wishes to be part of the class or sue Union Pacific that it cannot accept the claim.  Finally, the claimant is asked to confirm that he wishes to present a claim to Union Pacific.  The form letter states it must obtain the above information from the claimant in order to determine whether Union Pacific can proceed with settling the claim.  Once the claimant returns the letter, Union Pacific makes a determination whether it can deal with the claimant. As of May 30, 2006, eight claimants had returned letters.  Union Pacific has determined it can negotiate settlements with these eight claimants.  Bradford requests the Court preclude Union Pacific from communicating with unrepresented putative class members.

## II. DISCUSSION

The United States Supreme Court has reviewed the issues regarding the scope of a district court's authority to limit communications between parties and their counsel to prospective class members. *See Gulf Oil Co. v. Bernard*, 425 U.S. 89, 101 S.Ct. 2193 (1981).

The Supreme Court wrote

> Because of ... potential problems, an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. Only such a determination can ensure that the court is furthering, rather than hindering, the policies embodied in the Federal Rules of Civil Procedure, especially Rule 23. In addition, such a weighing - identifying the potential abuses being addressed - should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances. As the court stated in *Coles v. Marsh*, 560 F.2d 186 (CA3), cert. denied, 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977):
>> '[T]o the extent that the district court is empowered ... to restrict certain communications in order to prevent frustration of the policies of Rule 23, it may not exercise the power without a specific record showing by the moving party of the particular abuses by which it is threatened. Moreover, the district court must find that the showing provides a satisfactory basis for relief and that the relief sought would be consistent with the policies of Rule 23 giving explicit consideration to the narrowest possible relief which would protect the respective parties.'

*Id.*, 425 U.S. at 101-2, 101 S.Ct. at 2200-2201. In a class-action lawsuit, a district court may not order restraints on speech under Fed. R. Civ. P. 23(d) except when justified by actual or threatened misconduct of a serious nature. *Great Rivers Co-op. of Southeastern Iowa v. Farmland Industries, Inc.*, 59 F.3d 764 (8thCir. 1995) *citing Manual for Complex Litigation, Second* § 30.24 at 232 (1985).

The Court can find no actual or threatened misconduct of a serious nature in the record it has before it. The train derailment occurred on October 15, 2005. Bradford filed this class

3

action suit in state court four days later. Upon learning of the filing of the class action suit, Union Pacific shut down its claims office in Texarkana. At the Court's first hearing regarding this class action, Union Pacific took the initiative to inform the Court of unrepresented claimants contacting it about settling their claims and to seek the Court's guidance. Since that time, Union Pacific has taken steps to insure that claimants who contact it know that this class action is pending and that they may consult with an attorney about their claim. While, the Court does not know how many claims Union Pacific settled prior to the Court becoming aware of this issue, Union Pacific has only received eight claims through the form letter process. The Court believes the eight claims represents a very low percentage of the potential class claims Bradford seeks to represent. Since, the Court finds no actual or threatened conduct of a serious nature, it finds no permanent injunction prohibiting Union Pacific from communicating with unrepresented class members is necessary.

### III. CONCLUSION

For reasons discussed herein and above, the Court finds Plaintiff's Motion for Permanent Injunction to Prohibit Defendant Communication with Unrepresented Putative Class Members. should be and hereby is **denied.**

IT IS SO ORDERED, this 7th day of June, 2006.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
U.S. District Court