IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TROY H. BRADFORD and GLORIA BRADFORD, Individually and as Class Representatives on Behalf of All Similarly Situated Persons; and BOOKS, ETC., by and through TROY and GLORIA BRADFORD, Class Representatives on Behalf of All Those Similarly Situated, <br><br>　　Plaintiffs <br><br> vs. <br><br> UNION PACIFIC RAILROAD COMPANY, <br><br>　　Defendant | § § § § § § § § § § § § § § § § § § § | CAUSE NO. 4:05-cv-4075 |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, plaintiff and defendant (the "Parties") are engaged in discovery in the above-captioned action (the "Action"); and

WHEREAS, the Parties anticipate that in the course of discovery they will exchange documents, information and other tangible materials they wish to keep confidential and disclose only to each other ("Confidential Documents"); and

WHEREAS, the Parties desire to maintain the confidentiality of these Confidential Documents; and

WHEREAS, there may be a significant cost in determining in advance of production which materials are Confidential Documents; and

WHEREAS, the Parties desire to adopt an efficient and practical procedure for handling Confidential Documents without incurring significant but potentially unnecessary

expenses to conduct confidentiality reviews; and

WHEREAS, for the foregoing reasons the Parties desire to enter into this Confidentiality Agreement and Protective Order ("Confidentiality Order");

NOW, THEREFORE, the Parties agree as follows:

1. For purposes of this Confidentiality Order, "Confidential Documents" shall include any and all documents, information and other tangible materials produced during the course of discovery that a party marks as "Confidential."

2. To designate documents, information, or other tangible items as a Confidential Document(s) the producing party shall identify it as "Confidential" by marking it "Confidential - Subject to Protective Order" or as "Confidential" or in a similar fashion.

3. The Parties agree that Confidential Documents shall not be disclosed, directly or indirectly, to anyone other than the Parties, attorneys for the Parties, witnesses, consultants, and expert witnesses specially retained or specially employed for purposes of the Action. To the extent any Confidential Documents are provided to any Party's witnesses, consultants, or expert witnesses, each witness, consultant, or expert witness shall agree in writing, in the form attached to this Confidentiality Order as Exhibit A, prior to receiving any Confidential Documents, that he shall be bound by the terms of this Confidentiality Order. If a Party's witness, consultant, or expert witness refuses to agree in writing to the Confidentiality Order and that he shall be bound by the terms of this Confidentiality Order, the Parties agree that, until the Parties are able to resolve the issue or seek resolution of the issue from the Court, no Confidential Documents shall be disclosed, directly or indirectly, to the person who refuses to agree in writing to the Confidentiality Order,

4. Nothing in this Confidentiality Order prevents any Party from disclosing Confidential Documents to the Court, Court personnel, or jury empanelled at the trial of this case, subject to such protections as the Court may order with respect to the treatment of Confidential Documents at trial.

5. The Parties and all persons subject to the provisions of this Confidentiality Order agree to use Confidential Documents solely and exclusively for purposes of preparing for, conducting, and participating in the Action, and not for any other litigation, and not for any other business purpose, personal purpose, or other purpose whatsoever.

6. The Parties' agreement to treat Confidential Documents in accord with the terms of this Confidentiality Order shall not be deemed an agreement that such documents (i) constitute or contain confidential information or trade secrets or other confidential research, development, financial, commercial, or personal information, or (ii) are relevant to any matter at issue in the Action. Each Party reserves the right to object to or to seek an appropriate order limiting any use which any other Party may seek to make of such Confidential Documents either in discovery or at the trial of the Action.

7. The Parties agree that no copies of Confidential Documents produced by any Party will be made except as necessary for the purposes of this Action. If it becomes necessary to include information obtained from Confidential Documents or to use such Confidential Documents in any court filing, then any such filing shall be made under seal, if the Court grants the specific motion requesting permission to file the pleading under seal.

8. Upon the conclusion of the Action all Confidential Documents, and all copies, extracts, summaries, facsimiles thereof, electronically, optically, or magnetically stored information of any kind including, without limitation, diskettes, compact disks, computer

files, and similar storage media ("Electronically Stored Documents"), shall be destroyed or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, and any other storage media. Additionally, a sworn certificate attesting to the destruction and electronic file deletion and indicating that no electronic information has been retained shall be executed by each Party and by counsel for each Party and delivered to all Parties upon request by any Party after the conclusion of the litigation, including any appeal.

9. Nothing herein deprives a party of the right to challenge a confidentiality designation at any time.

10. The Parties agree that nothing herein is intended to alter or diminish the protections of the attorney-client privilege or the work-product doctrine.

11. This Confidentiality Order shall inure to the benefit of, and be binding upon, The Parties and their respective successors, heirs, agents, personal representatives, and assigns.

12. Any individual or entity who becomes a Party to this Action and who has not subscribed to this Confidentiality Order as of the time it is presented to the Court for approval and entry may thereafter become a Party to this Confidentiality Order by having its counsel sign and date a copy thereof and filing same with the Court and serving such signed copy upon the other Parties to this Confidentiality Order.

13. This Confidentiality Order is the entire agreement between the Parties. It may not be amended in any manner whatsoever except by an agreement in writing, signed by counsel of record for each Party and adopted by Order of this Court.

We agree to the entry of this Confidentiality Order:

_R. Gary Nutter_  
Counsel for Plaintiffs

_/s/ [signature]_  
Counsel for Defendant

IT IS SO ORDERED this 27 day of June, 2006.

_Harry F. Barnes_  
HARRY F. BARNES  
U.S. DISTRICT JUDGE

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUN 2 7 2006

CHRIS R. JOHNSON, CLERK

BY
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TROY H. BRADFORD and GLORIA BRADFORD, Individually and as Class Representatives on Behalf of All Similarly Situated Persons; and BOOKS, ETC., by and through TROY and GLORIA BRADFORD, Class Representatives on Behalf of All Those Similarly Situated, <br><br> Plaintiffs <br><br> vs. <br><br> UNION PACIFIC RAILROAD COMPANY, <br><br> Defendant | § § § § § § § § § § § § § § § § § | CAUSE NO. 4:05-cv-4075 |

## EXHIBIT A TO CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

I have been asked to serve as a _____ in this Action on behalf of _____, one of the parties in the above Action. I acknowledge that I have received and read the Confidentiality Agreement and Protective Order ("Confidentiality Order") attached hereto. I agree to be bound by the terms of the Confidentiality Order. I hereby submit to the jurisdiction of this Court solely for the purpose of enforcement of the Confidentiality Order in this Action.

Dated this _____ day of, 2006.

Name: _____

Signed: _____

Subscribed and sworn to before me

this _____ day of _____ , 200_.

Notary Public: